# EX PARTE PARKER.

ORIGINAL.

Argued March 7, 1887. — Decided March 21, 1887.

A statute of Washington Territory enacts that "a part of several co-parties may appeal or prosecute a writ of error; but in such case they must serve notice thereof upon all the other parties." One of two defendants in a cause served upon the other written notice, entitled in the cause, that he would, on a day therein named, "file a notice of appeal and stay-bond, and appeal said cause," and added, "You are herewith requested to join in said appeal." The other defendant answered in writing, "I hereby accept service of the above notice," "and decline to join in an appeal in said cause." *Held,* that this was an exact and effectual compliance with the provision of the statute.

A statute of Washington Territory relating to appeals provides that "in an action by equitable proceedings, tried upon written testimony, the depo-sitions and all papers which were used as evidence are to be certified up to the Supreme Court, and shall be so certified, not by transcript, but in the original form: but a transcript of a motion, affidavit, or other paper, when it relates to a collateral matter, shall not be certified unless by direction of the appellant." In an appeal in equity the appellant requested the clerk to "transmit to the Supreme Court all the papers filed in this

cause except subpœnas as by law provided." The cause had been referred to a referee, who had returned with his report and finding, five packages, numbered 1, 2, 3, 4, and 5, with a certificate that it was "the evidence writ-ten down before me and taken in said action, and that the same; with the documentary evidence returned herewith by me into court, constitutes the evidence submitted to and taken by me in said action." The clerk of the court transmitted these packages to the Supreme Court with a cer-tificate that "the letters, papers, and exhibits herewith transmitted and numbered . . . are all the papers, letters, and evidence introduced in said cause before said referee, and by him deposited with the clerk of said court," and further certified that the transcript on appeal was a "full, true, and correct transcript of so much of the record . . . as I am by stat-ute and directions of attorneys in said cause required to transmit to the Supreme Court." *Held*, that the certificates showed that the transcript contained all the evidence introduced by the parties on the trial below, and that the appeal had been duly taken and perfected.

The writ of mandamus properly lies in cases where the inferior court refuses to take jurisdiction where by law it ought so to do, or where, having ob-tained jurisdiction in a cause, it refuses to proceed in the due exercise thereof; but it will not lie to correct alleged error occurring in the exer-cise of its judicial discretion while acting within its jurisdiction. In this case it is ordered that the writ be issued.

THIS was a petition for a writ of mandamus to the Supreme Court of Washington Territory, directing that court to take jurisdiction of an appeal of which it had declined to take juris-diction.

At October Term, 1885, motion was made for leave to file the petition. Leave was granted, and a motion was sub-mitted for a rule to show cause. The rule issued, and, com-plete returns not having been made before the end of the term, it was continued. At this term a motion was made for a peremptory mandamus. The hearing on this motion was continued from time to time until complete returns were made, when the cause was argued. The case is stated in the opinion of the court.

*Mr. Walter H. Smith* for petitioner. *Mr. John H. Mitchell* and *Mr. Alfred G. Isham;* and *Mr. A. T. Britton, Mr. A. B. Browne* and *Mr. W. W. Upton* filed briefs for same.

*M. J. H. Hoffecker, Jr.,* opposing. *Mr. John B. Allen* was with him on the brief.

Mr. Justice Matthews delivered the opinion of the court.

This is an application under § 688 of the Revised Statutes for a writ of mandamus, directed to the Supreme Court of Washington Territory, to reinstate an appeal from a decree of the District Court of the Territory for the First Judicial District, in a suit in equity wherein Elizabeth Denney, executrix of the estate of Timothy P. Denney, is plaintiff, and Hollon Parker and John F. Boyer are defendants. The decree in question was against each of the defendants severally, and the appeal was taken by the defendant Hollon Parker. Upon his petition heretofore filed a rule to show cause has been issued, to which the Chief Justice and Associate Justices of the Supreme Court of the Territory of Washington, on behalf of the court, have made and filed their return. They set forth that at the time the said Hollon Parker sought to appeal said cause referred to from said District Court to said Supreme Court of Washington Territory, the manner of taking such appeal was defined by § 458 of the Territorial Code, still in force, as follows :

"Sec. 458. An appeal or writ of error is taken by filing with the clerk of the court in which the judgment or order of the court appealed from is entered, a notice, stating the appeal from the same, or some specific part thereof, and serving a copy of said notice on the adverse party or his attorney. Every notice of appeal or writ of error must be signed by the party taking the same or his attorney of record, and must contain the title of the District Court in which the proceedings sought to be reviewed were had; the title of the cause as in the District Court; a particular description of the judgment, decree, or order sought to be reviewed; and in case of appeal, a particular description of every decision, ruling, order, or decree by which the appellant claims to have been aggrieved, and which he relies upon as grounds for a reversal or modification of the judgment, order, or decree; and in case of a writ of error, a particular description of the errors assigned."

The return further sets forth that the defendant, John F. Boyer, did not join in said appeal as an appellant, nor was he

made an appellee therein, as appears by the notice of appeal which is set out. This notice of appeal is entitled "In the District Court of the First Judicial District of the Territory," with the title of the cause, and is addressed to Timothy P. Denney, the plaintiff, James K. Kennedy, W. A. George, John B. Allen, and T. J. Anders, attorneys for plaintiff, and A. Reeves Ayres, clerk of the court, giving notice that the said Hollon Parker in the above entitled action "hereby appeals to the Supreme Court of Washington Territory from the decree and judgment therein made and entered in the District Court of the First Judicial District of Washington Territory, in and for Walla Walla County, in favor of the plaintiff, Timothy P. Denney, in said action, and against the defendants, Hollon Parker and John F. Boyer, and from the whole thereof, said decree and judgment rendered on the 31st day of March, 1882, against the defendants, Hollon Parker and John F. Boyer."

It is further stated in the return that no notice of appeal was served on Boyer, nor was service thereof waived by him. The statute of Washington Territory relative to co-parties on appeal is as follows:

"SEC. 454. A part of several co-parties may appeal or prosecute a writ of error; but in such case they must serve notice thereof upon all the other co-parties, and file the proof thereof with the clerk of the Supreme Court."

It is further set forth that § 464 of the Code of Washington Territory prescribed the only means by which, in a cause appealed to the Supreme Court of the Territory, the evidence upon which the same was tried could be certified to said Supreme Court. That section is as follows:

"SEC. 464. In an action by ordinary proceedings, and in an action by equitable proceedings, tried in whole or in part on oral testimony, all proper entries made by the clerk, and all papers pertaining to the cause and filed therein, except subpœnas, depositions, and other papers which are used as mere evidence, are to be deemed part of the record. But in an action by equitable proceedings, tried upon written testimony, the depositions and all papers which were used as evidence, are to be certified up to the Supreme Court, and shall be so cer-

tified, not by transcript, but in the original form. But a transcript of a motion, affidavit, or other paper, when it relates to a collateral matter, shall not be certified unless by direction of the appellant. If so certified, when not material to the determination of the appeal or writ of error, the court may direct the person blamable therefor to pay the costs thereof."

It is further set forth that, accompanying a large quantity of written testimony, and a great number of detached papers in said cause, were two certificates, copies of which are, respectively, as follows:

### " Certificate of referee.

"I, B. L. Sharpstein, referee in the case of Timothy P. Denney v. H. Parker and J. F. Boyer, do hereby certify that the foregoing evidence, consisting of five packages or bundles numbered one (1), two (2), three (3), four (4), and five (5) is the evidence written down before me and taken in said action, and that the same, with the documentary evidence returned herewith by me into court, constitute the evidence submitted to and taken by me in said action.

"Dated March 10, 1882.     B. L. SHARPSTEIN, *Referee.*"

### " Certificate of clerk.

"I, A. Reeves Ayres, clerk of the District Court of Washington Territory and for the First Judicial District thereof, holding terms at Walla Walla, Walla Walla County, in said territory, do hereby certify that the five packages of testimony, herewith transmitted to the Supreme Court, and numbered by pages from 1 to 1572, is all the testimony in the case of Timothy P. Denney v. Hollon Parker and John F. Boyer as taken before B. L. Sharpstein, Esquire, referee in said case, and by him deposited with the clerk of said court; and I further certify that the letters, papers, and exhibits herewith transmitted and numbered in red ink figures from 1 to 130, respectively, are all the papers, letters, and evidence introduced in said cause before said referee, and by him deposited with the clerk of said court.

"In testimony whereof, I have hereunto set my hand and affixed the seal of said District Court this 15th day of June, 1883.

"[SEAL.] "A. REEVES AYRES,. *Clerk*,

"By FRANK W. GOODHUE, *Deputy*,

"*U. S. District Court, First Judicial District,*

"*Walla Walla, ·Washington Territory.*"

The evidence in said cause was in no other manner authenticated.

It further appears that the said cause was docketed in the Supreme Court as upon the appeal of Hollon Parker. That after divers motions had been determined in said-cause, the same was argued on the merits at the regular July Term, 1883, and taken under advisement; but before a decision had been reached, by an act of Congress, the organization of the Supreme Court of Washington Territory was so altered as to make the same consist of four justices, and as to disqualify the justice rendering a decision or judgment from sitting in the review thereof. ·

The death of the appellee was suggested, and due showing made, and thereupon Elizabeth Denney, executrix of the last will of Timothy P. Denney, deceased, was substituted as appellee, and thereupon the cause was again placed upon the docket of the Supreme Court for hearing at its regular July Term, 1885. At that time the appellee moved to dismiss the appeal on the grounds; first, that all the co-parties had not joined in said appeal, and had not been served with any notice of appeal; and, second, because no evidence was properly certified. After argument it was determined by the court and decided that each of the grounds in said motion was well taken; and thereupon, for want of jurisdiction to hear and determine the cause upon its merits, a final judgment of the court was entered that the appeal from the judgment of the said District Court be dismissed with costs.

Although the Supreme Court of Washington Territory rendered judgment in this case for costs against Parker, the appellant, it, nevertheless, dismissed his appeal for want of juris-

diction in that court to entertain it. There were two grounds alleged in the motion to dismiss, and in the opinion of the court giving its reasons for granting the same, on which it was contended and decided that Parker had failed to take the necessary preliminary steps to transfer his cause from the District Court to the Supreme Court of the territory. It was adjudged against him that he had not complied with the requisition of the law prescribing the conditions precedent to perfecting his appeal. The Supreme Court refused to hear the cause and to decide it upon its merits, because it considered that the cause was not lawfully before the court; that the parties were not in court for the purposes of an appeal. This presents a case for the exercise of the jurisdiction of this court in mandamus according to the principles and practice applicable thereto. That writ properly lies in cases where the inferior court refuses to take jurisdiction where by law it ought so to do, or where, having obtained jurisdiction in a cause, it refuses to proceed in the due exercise thereof; but it will not lie to correct alleged errors occurring in the exercise of its judicial discretion within its jurisdiction. As was said in *Ex parte Brown*, 116 U. S. 401, "Mandamus lies to compel a court to take jurisdiction in a proper case, but not to control its discretion while acting within its jurisdiction." In that case the motion for the writ was denied because the court below, having entertained jurisdiction of the cause, had dismissed it for want of due prosecution. That is to say, because errors had not been assigned in accordance with the rules of practice applicable to the form of the action; although the statement in the report does not sufficiently recite the facts from the record on which the opinion is based. In the present case, the Supreme Court of Washington Territory, on consideration, decided that it could not legally exercise jurisdiction upon the appeal of the petitioner Parker. The question for our determination is whether that decision was in conformity with law.

It appears from the record that on the 19th day of June, 1882, Parker addressed to his codefendant Boyer, a notice, in which, after setting out the title of the court and of the cause, it proceeds as follows :

"To John F. Boyer, one of the defendants in the above-entitled cause :

"You will please take notice that your codefendant, Hollon Parker, in the above-entitled action, will, on this the 19th day of June, 1882, file a notice of appeal and stay bond, and appeal said cause to the Supreme Court of Washington Territory, holding terms at Olympia, July Term, 1883, and you are herewith requested to join in said appeal."

This notice was duly signed and dated. Service of this notice was acknowledged in writing by Boyer, as follows :

"I hereby accept service of the above notice this 19th day of June, 1882, and decline to join in an appeal in said cause, wherein T. P. Denney is plaintiff and Hollon Parker and John F. Boyer are defendants."

It was held by the Supreme Court of the territory that this notice upon Boyer was not a sufficient compliance with § 454, because it was a notice of an intention to appeal, and not notice of an actual appeal. The language of that section, already quoted, is :

"SEC. 454. A part of several co-parties may appeal or prosecute a writ of error; but in such case they must serve notice thereof upon all the other co-parties and file a proof thereof with the clerk of the Supreme Court."

This was a notice of a present intention to appeal, with a request to Boyer, as a codefendant, to join in it. We cannot understand how it could more exactly and effectually comply with this section of the statute. If the required notice must be of an appeal already actually taken, then it is not a condition precedent to the perfecting of the appeal, and the failure to give it would not deprive the court of jurisdiction to proceed in the cause; but if the notice is a necessary prerequisite to perfecting the appeal, then it cannot be a notice of an appeal already taken. Besides which the codefendant Boyer expressly declined to join in the appeal, which, of itself, was a waiver of any further notice.

The other ground on which the court proceeded was that there was nothing in the transcript to certify to the court that

it had before it the whole of the evidence. Section 451 of the Code of Washington Territory is as follows:

" When a cause is tried by the court, it shall not be necessary, in order to secure a review of the same in the Supreme Court, that there should have been any finding of facts or conclusions of law stated in the record; but the Supreme Court shall hear and determine the same whenever it shall appear from a certificate of the judge, agreement of parties, or their attorneys, or, in case the evidence consists wholly of written testimony, from the certificate of the clerk, that the transcript contains all the evidence introduced by the parties on the trial in the court below."

By § 464, heretofore set out, it is provided that " in an action by equitable proceedings, tried upon written testimony, the depositions and all papers which were used as evidence are to be certified up to the Supreme Court, and shall be so certified, not by transcript, but in the original form. But a transcript of a motion, affidavit, or other paper, when it relates to a collateral matter, shall not be certified unless by direction of the appellant. If so certified, when not material to the determination of the appeal or writ of error, the court may direct the person blamable to pay the costs thereof."

In this case the appellant, in writing, in his notice of appeal, gave the following direction to the clerk of the court:

" And you, the clerk of said court, will please transmit to the Supreme Court *all the papers filed* in this cause, (except subpœnas,) as by law provided in §§ 459 and 464, Code of 1881, together with your certificate, as provided in Rule 2 of the Supreme Court."

The cause, it will be remembered, while in the District Court had been referred to B. L. Sharpstein as a referee. The order of reference directed him to " take the evidence and a full accounting of said cause, and find the facts thereon, and that he report the same to this court," &c. The cause was heard by the District Court upon exceptions to the report of the referee, consisting of the testimony as returned by him, with his findings of fact thereon. The decree sought to be appealed from was based upon that report and the findings and conclu-

sions of the referee, the exceptions to which on behalf of Parker were overruled. The certificate of the referee returned into the District Court, and sent up to the Supreme Court as a part of the transcript by the clerk of the District Court, in pursuance of the appeal, was as follows:

"I, B. L. Sharpstein, referee in case of Timothy P. Denney *v.* H. Parker and J. F. Boyer, do hereby certify that the foregoing evidence, consisting of five packages or bundles, numbered one (1), two (2), three (3), four (4), five (5), is the evidence written down before me and taken in said action, and that the same, with the documentary evidence returned herewith by me into court, constitutes the evidence submitted to and taken by me in said action."

The clerk of the District Court stated in his certificate, contained in the transcript transmitted to the Supreme Court, "that the five packages of testimony herewith transmitted to the Supreme Court, and numbered by pages from 1 to 1572, is all the testimony in the case of Timothy P. Denney *v.* Hollon Parker and John F. Boyer, as taken before B. L. Sharpstein, Esquire, referee in said case, and by him deposited with the clerk of said court. And I further certify, that the letters, papers, and exhibits, herewith transmitted and numbered in ink figures from 1 to 130, respectively, are all the papers, letters, and evidence introduced in said cause before said referee, and by him deposited with the clerk of said court."

The transcript on appeal also was certified by the clerk, stating "that the foregoing is a full, true, and correct transcript of so much of the record in the above-entitled cause as I am by statute and directions of attorneys in said cause required to transmit to the Supreme Court."

It appears from these documents very clearly that nothing was omitted in the transcript by direction of attorneys except the subpœnas; that all the testimony introduced by the parties on the trial before the referee was returned into the Supreme Court, duly certified as such, and that that constituted all the evidence introduced by the parties on the trial in the court below, in accordance with § 451 of the Territorial Code, because it appears by the decree sought to be appealed from

that the cause was finally heard upon the report of the referee, the exceptions thereto of the defendant Parker being overruled, and the report of said referee being in all things confirmed, except as modified and altered by the findings and conclusions of the court itself. It thus, appears with certainty that the transcript contained all the evidence introduced by the parties on the trial in the court below. It follows that Parker's appeal had been duly taken and perfected, and the cause had been properly transferred from the District to the Supreme Court of the territory; and that the latter, having acquired jurisdiction thereof, should have proceeded in the exercise of its jurisdiction to hear and determine the same upon its merits. For the failure to do so

*The writ of mandamus must issue.    It is accordingly so ordered.*