## GOTTLIEB ETTER v. A. F. & J. V. DIGNOWITTY.

### No. 6638.

1. **Disclaimer.**—Suit for a tract of land imperfectly described in the petition. The defendant pleaded not guilty. An order of survey issued. The surveyor reported under the order with a sufficiently definite description. The defendant, after the report was filed, disclaimed. The cause was tried by the court without a jury, and judgment was rendered for the plaintiffs for the land, the judgment adding from the report to the description in the petition. A motion for new trial was overruled. *Held:*

1. The withdrawing of the plea of not guilty by the disclaimer was an implied confession of judgment, having reference to the cause of action stated or attempted to be stated in the petition.

2. After the disclaimer the defendant had the right to be heard on the trial to object to testimony showing title in plaintiffs to land not described in petition.

3. It not appearing but that the judgment was for the land sued for, it will not be revised.

2. **Costs.**—A disclaimer does not free a defendant from costs accrued up to the time of disclaiming.

APPEAL from Val Verde. Tried below before Hon. Winchester Kelso. The opinion contains a statement.

*J. M. Coleman,* for appellant.— 1. Appellees could recover no other land, be it more or less, than that claimed by them in their petition; appellant's disclaimer admitted title in appellees and disclaimed title in himself to the land described in appellees' petition and nothing else. After disclaimer was filed no issue remained between the parties as to the land, and appellees were entitled to judgment for the identical premises described in the petition, and no evidence of any kind would be admissible except as to the occupancy of the land by appellant and the consequent damages, and this would be confined to the very land described in appellees' petition. The surveyor's report could not be looked to to aid the description in the petition, since no issue was raised by the pleadings as to boundaries; and had it been, the disclaimer would have settled it and entitled appellees to their land as claimed by them, and not to land of any other

description, for this would be beyond the anticipation of appellant at time of filing his disclaimer.    The proof must be restricted to the allegations. 4 Texas, 305; 9 Pet., 483; 29 Texas, 200, 121, 89; 22 Texas, 87; 9 Pet., 503; 2 Bibb, 4; 6 Cowen, 37; Edwards v. Smith, 71 Texas, 156.

2.    The statutes require the petition to describe the premises by metes and bounds, or with sufficient certainty to identify the same, so that from such description possession thereof may be delivered.    If the petition was insufficient under the law, it could not be cured by a judgment adding to or taking from it, and such judgment would be error.

3.    After appellant had filed disclaimer, no issue as to the land remained, and appellees were entitled to judgment for the land described in their petition; appellant did not disclaim any land that might be described by evidence or by the judgment of the court.    The question of the location of the land by metes and bounds and the boundary between appellant and appellees was not raised by the pleadings; and to permit appellees, after disclaimer by appellant of the land claimed in petition, to proceed to locate the premises and enter judgment accordingly would be a dangerous proceeding.    It would allow appellees to show the land in question to have certain boundaries which might include lands of appellant, without ever raising the issue of boundaries or metes and bounds.    There is nothing in appellees' petition which warranted the fixing of metes, bounds, or corners, and the judgment undertaking to do this is error.    Appellant was only apprised of issues by the pleadings, and the only issue was as to land therein described, and this appellant disclaimed.    Facts, though proved, can not form basis of a judgment unless alleged.    Rev. Stats., art. 4786, sec. 2; 3 Texas, 305; 29 Texas, 200, 121, 89; 22 Texas, 87; Edwards v. Smith, 71 Texas, 156; 9 Pet., 503, 483; 2 Bibb, 4; 6 Cowen, 37; 3 A. K. Marsh, 474; 2 A. K. Marsh, 317; 5 Mumf., 314.

4.    Appellant should have recovered all costs; appellees failed to prove the trespass and appellant had filed disclaimer.    Dikes v. Miller, 24 Texas, 417; 4 Texas, 5; 6 Texas, 174–176; 5 Texas, 513; 17 Texas, 126.

*Joseph & Jacob W. Jones*, for appellees. — 1.    The judgment of the court is warranted by the pleadings and proof of this case.    The appellant having filed his plea of not guilty and agreed on a survey and a surveyor to make the same, and after the report of the surveyor had been returned and filed with the papers of the cause, having withdrawn his plea of not guilty and entered a disclaimer instead, the same was a confession of the matters alleged in appellees' petition and in the surveyor's report, and appellees were entitled to judgment for their land described as in their petition; and the addition of metes and bounds as contained in the surveyor's report would not be such variance as would authorize a reversal of the judgment unless the record discloses a fraud practiced upon appellant, or that the same embraces different land from that sued for, or

that the same works an injury to appellant. Appellees' petition sufficiently described the land. Rev. Stats., arts. 4792, 4794, 4800; Wootters v. Hall, 67 Texas, 513; Rogers v. McLaren, 53 Texas, 423; Smith v. Chatham, 14 Texas, 327; Goss v. Pilgrim, 28 Texas, 267; Frazier v. Woodward, 61 Texas, 452.

2. The judgment of the court taxing all costs against appellant was and is correct, because the evidence, as stated by the court in its conclusions of fact, shows appellant to have been in possession of a strip 19 varas wide of the appellees' land, and the disclaimer was not filed until long after he had answered by a plea of not guilty. Baker v. Tom, 4 Texas, 5; Blue v. Chandler, 17 Texas, 127; Dikes v. Miller, 24 Texas, 422; Wootters v. Hall, 67 Texas, 513.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by appellees. The petition described the land " as being the south one-half of garden lot No. 2, of one and one-half acres, in division E in the town of Del Rio in the county of Val Verde."

The defendant appeared and pleaded not guilty. An order of survey of the land was made, and a survey of it was reported and filed.

After the report of the survey had been filed the defendant withdrew his answer and filed a disclaimer of title to the land as described in plaintiffs' petition.

The cause was tried without a jury and a judgment was rendered for the recovery of the land.

The description of the land in the judgment, in addition to the description of it contained in plaintiffs' petition, added from the surveyor's report a description by courses and distances and physical objects.

The disclaimer was filed on the same day that judgment was rendered, and on the following day the defendant filed his request for the court to file its conclusions of law and fact. The defendant filed a motion for new trial, not under oath or supported by affidavit, attacking the correctness of the report of survey.

The appellant complains of the judgment against him for costs and of the judgment by a different description of the land from that contained in the petition, and because the judgment rendered fails to conform in every particular of description to the surveyor's report.

In the case of Storey v. Nichols, 22 Texas, 93, it is said that "the withdrawing the pleas is an implied confession of judgment, having reference to the cause of action stated or attempted to be stated in the petition."

After he had withdrawn his answer and disclaimed, defendant had the right to be heard at the trial to object to plaintiffs introducing proof of title to land not claimed in the petition.

Such objection was not made at the trial, nor was it properly made to

appear by the motion for a new trial that the land described by the surveyor's report was not the identical land claimed in the petition.

The surveyor's report was on file when defendant withdrew his answer and disclaimed. The survey was made with his knowledge and with reference to being used as evidence on the trial of the cause. If the land described in the report was in fact the same land that was described in the petition, the fact that the report described it with greater particularity was not a reason for its being excluded as evidence, even if it had been objected to at the proper time. The judgment indicates that it is for the same land described in the petition, and the defendant has not in a proper manner made it appear that an error was committed in that or in any other particular.

The defendant not having entered his disclaimer until after he had answered, was subject to the judgment for costs that was rendered against him.

The judgment is affirmed.

*Affirmed.*

Delivered May 6, 1890.