JOHN Q. BROWN v. JOHN J. RAINOR.

*Habeas Corpus—Abatement—Costs.*

In a *habeas corpus* proceeding brought to secure the custody of infant children, the respondent (in whose favor judgment had been rendered below) died pending appeal: *Held.* (1) the proceeding abated, and could not be revived against the personal representative ; (2) neither was entitled to judgment for costs.

PETITION for writ of *habeas corpus*, heard before *Graves, J.*, at Spring Term of ONSLOW Superior Court.

*Mr. H. R. Kornegay*, for petitioner.
*Mr. W. R. Allen*, for respondent.

MERRIMON, C. J.: This is a summary proceeding, whereby the petitioner seeks, by writ of *habeas corpus*, to obtain possession of certain of his infant children in the possession of and detained by (as is alleged) the respondent, who was their grandfather. The Judge at chambers gave judgment in favor of the respondent, and thereupon the petitioner appealed to this Court, as he might do. *The Code*, § 1662;

*Musgrove* v. *Kornegay*, 7 Jones, 71. Pending the appeal the respondent died, and this appears by suggestion and upon affidavits filed.

The petitioner asks that the administrator or executor of the respondent be made a party, and insists that, at all events, he is not chargeable with costs.

The proceeding is summary in its character, and in the nature of the matter has served its special purpose as far as practicable. The respondent having died is beyond the jurisdiction of the Court for any purpose. Nor can it be sustained against his executor or administrator. There is no statute that so provides. They, as such, are not chargeable in contemplation of law with the possession or detention of the children, the possession of which the petitioner seeks to obtain. His remedy is by another like proceeding directed against the person who may have possession of them now or hereafter. Ordinarily, the costs of a writ of *habeas corpus* proceeding may be awarded at the discretion of the Court or Judge. *The Code,* § 1860. But here the proceeding abates, and the Court gives no judgment for costs. Each party is liable for his own costs, according to law in such cases. *Officers* v. *Taylor,* 1 Dev., 99.

The proceeding abates.