# CHARLESTON.

ROBERTS v. PAUL, *Judge.*

Submitted September 8, 1901. Decided December 14, 1901.

1. MANDAMUS—*Jurisdiction—Alleged Error.*

   The writ of *mandamus* properly lies where the inferior court refuses to take jurisdiction where by law it ought to do so, or where, having obtained jurisdiction in a cause, it refuses to proceed in the due exercise thereof; but it will not lie to correct alleged error occurring in the exercise of its judicial discretion while acting within its jurisdicton. (p. 529, 530).

2. MANDAMUS—*Discretion of Court.*

   *Mandamus* will not lie to control the exercise of the discretion of any court, board or officer, when the act is either judicial or *quasi-judicial* in its nature. The propriety of its action, in such case, however erroneous and improper, cannot be questioned or controlled by *mandamus*. This does not apply to election cases. (p. 530, 531).

3. MANDAMUS—*Decision of Court.*

   *Mandamus* will not lie to reverse the decision of a court refusing costs in a judicial proceeding before it, even though no writ of error lies therefor. (p. 531).

4. COSTS—*Removal of Officer.*

   Costs are not recoverable in a proceeding in a circuit court to remove an officer under section 7, chapter 7, Code 1899. (p. 532).

5. PROCEEDINGS—*Resignation—Discontinuance.*

   In a proceeding to remove an officer under section 7, chapter 7, Code 1899, the resignation of the officer, accepted by the proper authority, ends the proceeding. (p. 532).

Petition for *mandamus* by J. E. Roberts and others against J. R. Paull, Judge.

*Writ denied.*

WHITE & ALLEN, for petitioners.

CALDWELL & CALDWELL, for respondent.

Brannon, President:

J. E. Roberts, George Edwards, W. H. Eneck and W. F. Crow filed in the circuit court of Marshall County certain charges against S. R. Davis, a commissioner and president of the county court, and upon them sought the removal of Davis from his office and a trial before a jury of said charges was going on in said court, when a paper was presented to the court showing that Davis had resigned his office, and that his resignation had been accepted, and thereupon the court entered an order stating that as the proceeding was merely one to remove Davis from office, and as he no longer occupied the office, the proceeding was dismissed, reserving the question of costs for further consideration; and later the court acted on the motion of the prosecution for a judgment for costs in the prosecution of the charges, and expressed the opinion that no costs were recoverable in such a proceeding for want of a statute authorizing them, and denied any judgment for costs. At the time of the dismissal of the proceeding the prosecutors of the charges had submitted substantially all of their evidence, but had not rested their case, and counsel for Davis stated that the resignation of Davis was not to be taken as an admission or confession, but that it was occasioned solely by his unsuccessful candidacy for re-election on the day preceding, and by his desire to avoid additional expense in the proceedings. The said Roberts, Edwards, Eneck and Crow having been thus refused costs, obtained from this Court a *mandamus nisi* against Judge J. R. Paull, as judge of said circuit court, to compel him to render judgment for such costs of prosecution.

The first question in the case is, does *mandamus* lie, even if the judgment of the circuit court refusing costs were erroneous? I answer that it does not. Whether or not costs should have been awarded was a judicial question in a proceeding of which the circuit court had jurisdiction. If the circuit court had refused to act upon the question of costs, then a *mandamus* to compel it to take action would undoubtedly lie under the principles stated in *Wheeling Bridge Co.* v. *Paull,* 39 W. Va. 142, "that *mandamus* is the proper remedy to compel the exercise of jurisdiction by the circuit court, which it is erroneously refusing to assume contrary to the express provisions of a constitutional and valid statute." But remember that the court did not refuse to

act, but distinctly acted, and even if that action should be ever so erroneous, it cannot be compelled to reverse its decision, in a judicial matter, by the writ of *mandamus.* The decision just cited means this. The Supreme Court of the United States has expressed the same rule and its converse aptly in the language: "The writ of *mandamus* properly lies where the inferior court refuses to take jurisdiction where by law it ought to do so, or where, having obtained jurisdiction in a cause, it refuses to proceed in the due exercise thereof; but it will not lie to correct alleged error occurring in the exercise of its judicial discretion while acting within its jurisdiction." *Ex parte Parker,* 120 U. S. 737. The same principles are announced by our decisions. In *State* v. *County Court,* 33 W. Va. 589, it is held that "*mandamus* will not lie to control the exercise of the discretion of any court, board or officer, when the act complained of is either judicial or *quasi-judicial.* The inferior tribunal may be compelled to act in such case, if it unreasonably neglects or refuses to do so, but if it does act, the propriety of its action, however erroneous and improper, cannot be questioned or controled by *mandamus."* See also *Miller* v. *County Court,* 34 W. Va. 285. But it is said with earnestness that these parties ought to have their costs, and if *mandamus* cannot help them, they are without remedy, as no writ of error lies to reverse the action of a circuit court in a mere matter of costs. Costs are not the subject of a writ of error, it is true. *Graham* v. *Citizens Bank,* 45 W. Va. 701, (syl. pt. 10) ; *Long* v. *Perine,* 41 W. Va. 314. But that does not give the *mandamus.* Where the law in its wisdom refuses a writ of error because of smallness of amount, or because the error consists only of costs, or for other reason, it does not follow that *mandamus* lies. The Supreme Court of the United States in *Ex parte Many,* 14 How. 24, said, when complaint was made by a *mandamus* that the inferior court had refused costs, "We think its judgment, whether correct or not, cannot be revised in the form of proceeding moved for on behalf of the plaintiff. The decision of the circuit court was not a mere ministerial act. It was a decision of a court of competent jurisdiction made in the exercise of judicial authority and discretion." In *Ex parte Newman,* 14 Wall. 152, 168, we find this language: "Confessedly the petitioner is without remedy by appeal or writ of error, as the sum or value in controversy is less than the amount required to give that right, and it is insisted that he ought on that account to have

the remedy sought by the petition. *Mandamus* will not lie, it is true, where the party may have an appeal or writ of error; but it is equally true that it will not lie in many other cases where the party is without remedy by appeal or writ of error." When the law denies an appeal for any cause, it intends the decision to be final, and, therefore, a *mandamus* does not lie in such case. Merrill on Mandam., s. 202.

The second question presented by the record is, whether Judge Paull's judgment refusing costs is erroneous. We hold that it is not. The statute, Code 1899, chapter 7, section 7, under which this removal proceeding was had, makes no provision for costs. The proceeding is purely statutory, only what the statute enables the court to do can be done. The petitioners appeal to Code, chapter 138, section 8, reading: "Except where it is otherwise provided, the party for whom the final judgment is given in any action, or in a motion for judgment for money, whether he be plaintiff or defendant, shall recover his costs against the opposite party." If the question were of first impression, I confess that I would incline to think that such a proceeding would call for costs under that section. I would regard it as a remedial statute to be liberally construed, so as to change the common law rule that no costs were recoverable. The general rule is that unless a statute allows costs, none can be given. I would consider any proceeding in court litigated between hostile parties an action under that section. Why is a statutory action not as much entitled to costs as a statutory motion or a common law action? Still, touching this particular proceeding, there are some reasons to the contrary. If parties are to be subject to heavy costs, as is said to be the case in the present instance, they would be slow to move for the vindication of the public interest against a vicious public officer. This would seem to be against public policy. On the other hand, if an innocent officer is accused wrongfully, it is hard that he should not be able to mulct the parties who move the prosecution in costs for his indemnity. I have said that my inclination would be that said statute would allow costs in any proceeding litigated in a court between parties; but the case of *West* v. *Ferguson,* 16 Grat. 270, which is likely binding authority upon this Court, held that as a statute relating to contested elections did not provide for costs, none could be given, because the common law allowed no costs, and because the

proceeding in a contested election was the child of the statute, just as is the proceeding in this case. There is another reason why costs are not recoverable in such a proceeding as that before the circuit court under the statute quoted above. It will be noticed that that statute gives costs when there is "final judgment." There was no final judgment in this instance. The jury was discharged from further action and the proceeding dismissed because there was no longer any thing for the proceeding to operate upon. The proceeding had for its sole purpose removal of Davis from office, and when resignation removed him, the proceeding was *functus officio,* to use that phrase. Davis was not convicted. Whether his resignation was to evade it we do not know, and certainly cannot say. In the absence of a conviction, why should he pay costs? He had a right to resign, and his resignation worked a certain legal effect. The result imposed an unfortunate burden of costs on his adversaries, their own costs; but who can help it, as the statute does not provide for it? The statute says a judgment must be given in his favor to carry costs. There was no such judgment, and could be none, and Davis did not plead guilty, but expressly denied his guilt when such resignation was presented. As is said in the case of *Ferguson* v. *Millender,* 32 W. Va. 30, where "the cause of action has ceased to exist by its discharge, and the error complained of is waived or removed, or is released, both courts will stop in the cause, and this Court will dismiss the appeal, and will not pass on the question of costs, since the right as to costs can only be decided on a full hearing." Applying this principle, as there was no finding on the merits, no final judgment, no conviction, the statute does not give costs.

It is argued that a disclaimer carries costs, and we are cited to *Kitt* v. *Wilson,* 130 Ind. 492, and *Etler* v. *Dignowetty,* 77 Tex. 212. So the disclaimer does carry costs provided costs are recoverable in the proceeding. The Texas case says that the withdrawing of a plea of not guilty by disclaimer is an implied confession of judgment. There is no such thing here. We are cited to *Delaney* v. *Goddin,* 12 Grat. 266, to sustain a *mandamus;* but that was purely a ministerial act, recording a surveyor's report of lands sold for taxes. *Fisher* v. *Charleston,* 17 W. Va. 595, is referred to; but that was a proceeding to compel the ministerial act of levying taxes. *Arkle* v. *Board,* 41 W. Va. 471, is cited to prove that this impeachment proceed-

ing is judicial in nature. Clearly it is; but that goes strongly to deny the writ under authorities above stated, and under the principle laid down in *Ex Parte Burtis,* 103 U. S. 238, which I should have cited above, that an appellate court cannot by *mandamus* compel an inferior court to reverse its decision made in the exercise of its legitimate jurisdiction. I should have stated above that resignation ended the case on the same principle held in *Brown* v. *Rainor,* 108 N. C. 204, that the death of the child whose custody was sought by *habeas corpus* ended the writ. So there was no error in Judge Paull's decision as to costs, and this is the second reason why we deny the writ of peremptory *mandamus.*

*Writ Denied.*