### BILLINGSLEA et al. v. GREAVES.
### No. 5737.

Court of Civil Appeals of Texas. Amarillo.
Sept. 23, 1946.

Rehearing Denied Oct. 28, 1946.

A. T. Cole, of Clarendon, for appellants.
W. T. Link, of Clarendon, for appellee.

PITTS, Chief Justice.

This suit is in the nature of trespass to try title and for damages and rents. Appellee, G. D. Greaves, sued appellants, H. Billingslea and W. J. Billingslea, for title and possession of a section of grass land situated in Donley County and for damages in the sum of $500 and rents for the year 1946 in the sum of $300.

Appellants went to trial on their first amended original answer filed on April 25, 1946, the day of the trial. Appellant, H. Billingslea, filed a general denial then admits title to the land is vested in appellee and "disclaims any and all interest in and to said premises." Appellant, W. J. Billingslea, answered with a plea of "not guilty"; then admitted fee simple title of the land was vested in appellee; asserted his father, H. Billingslea, had leased the land in question for 1943 and 1944 and he had leased it for 1945; that on October 10, 1945, he asked appellee if he may have "that grass another year," to which appellee replied in the affirmative; that nothing was said about the consideration for the lease but he supposed it would be the same as that of previous years; that on December 28, 1945, he received a letter from appellee demanding possession of the premises January 1, 1946; that because of said letter he had not paid or tendered any rent but was ready, able, and willing to pay the same rental sum he had paid the pre-

vious year; that if he did not establish a valid lease of the premises for 1946 appellee was entitled to recover possession of the premises together with reasonable rents for 1946 as well as for reasonable damages; that since the burden of proof was upon him to establish a valid lease for 1946, he moved the court to permit him to open and close in hearing the case, which motion was sustained by the court and he was granted the right to open and close.

The record reveals that appellants had used the land jointly during a part of the previous years. The record further reveals that after appellants had answered and made their appearances in the case, on April 8, 1946 appellee's attorney, in accordance with the provisions of Rule 169, Texas Rules of Civil Procedure, caused to be delivered to attorney for appellants a written request of date April 6, 1946, for the admission by appellants of the truth of certain relevant matters covering every issuable fact tendered by appellee's pleadings but, in view of appellants' admissions in their pleadings, the only relevant facts concerning the issues joined here by the pleadings of the parties that appellee sought to have admitted were: (1) That neither appellant had the land in question leased for the year 1946; (2) that neither appellant had paid appellee any rental money for the said land for 1946; (3) that any lease either of appellants ever had on the land terminated on or before December 31, 1945; (4) that appellee was entitled to possession of the said land on January 1, 1946; (5) that the rental value of said land for the time it had been withheld from appellee's possession was $300; and (6) that $500 was a reasonable sum for damages sustained by appellee. On April 11, 1946 appellants' attorney filed with the clerk of the trial court an unsworn reply to appellee's request for admissions and on April 15, 1946 he delivered a carbon copy of the same to appellee's attorney.

On April 25, 1946 the case went to trial before a jury and appellants offered testimony in support of their claim that W. J. Billingslea had leased the land in question for 1946 from appellee when appellee objected to the admission of such testimony on the grounds that appellants had already admitted they did not have the land leased by their failure to answer under oath his request for admissions as provided for in Rule 169, which rule provides that an answer to such a request for admissions of relevant matters shall be sworn to or else such relevant matters in issue are admitted. The trial court sustained appellee's objections and held that appellants' failure to answer under oath appellee's written request for certain admissions constituted an admission by appellants of the relevant matters therein contained and any evidence offered purporting to contradict such relevant matters was inadmissible to which ruling appellants excepted.

After all parties had announced ready for trial, a jury had been empaneled, appellants had tendered the testimony in question and the same had been excluded by the trial court for the reasons given hereinabove, appellants then asked for time, which was by the trial court granted, to prepare a motion to withdraw their announcement of ready for trial in order that they may then swear to the answers they had prepared two weeks previously in reply to appellee's request for admissions. Such a motion was presented to the trial court and overruled to which action appellants excepted and about which they are here complaining on the ground that the trial court abused its discretion. A trial court is given much discretion in determining whether or not a party may withdraw its announcement of ready for trial at such a late hour for any reason. We do not believe the trial court abused its discretion in this instance since Rule 169 provides that when an adverse party is requested to make admissions such must be done under oath not less than ten days after the delivery of such request. It is admitted here that the request for admissions was delivered to appellants' attorney on April 8, 1946, and the motion in question was filed and the request made of the trial court on April 25, 1946, some seventeen days after the request for admissions had been delivered to appellants' attorney. If the trial court had sustained appellants' motion to withdraw their announcement of ready

948

for trial, there would still have been a question as to whether or not sworn answers to appellee's request for admissions made on that date would have complied with the provisions of Rule 169.

The evidence closed and appellee filed a motion for a peremptory instruction of the jury on the grounds that appellants had admitted all the necessary facts constituting appellee's cause of action by their failure to answer under oath his request for admissions as provided for in Rule 169, Texas Rules of Civil Procedure. The trial court sustained such motion and instructed the jury to return a verdict for appellee and judgment was rendered accordingly against both appellants for title and possession of the land and against appellant, W. J. Billingslea, alone for $300 rental value for 1946 with the ,costs adjudged against both appellants from which judgment appellants perfected an appeal to this Court.

Appellants present fourteen points of error to this Court which appellee charges are too general and multifarious to be considered and should not be considered by this Court. According to well established rules many of the points are lengthy, general, and perhaps multifarious, but we think some of the points are presented definitely enough to warrant our consideration of the controlling questions presented.

 Appellants contend that the trial court erred in excluding their testimony for the purpose of showing a valid lease on the land in question. We find that it has been held in construing Rule 169 that the failure of an adverse party to deny under oath within a prescribed time the truth of relevant facts requested of such a party in writing by an opposing party constitutes an admission of such facts by the said adverse party and the testimony offered by such adverse party to refuse such relevant facts is inadmissible. Masten v. Masten, Tex.Civ.App., 165 S.W. 225 (writ refused); Frierson v. Modern Mut. Health & Accident Ins. Co., Tex.Civ.App., 172 S.W.2d 389 (writ refused want merit); Croan v. McKinney, Tex.Civ.App., 185 S.W.2d 768, the latter case being affirmed by the Supreme Court in 188 S.W.2d 144, without

construing the provisions of Rule 169. We therefore believe the trial court properly excluded the testimony in question offered by appellants.

 Appellant, H. Billingslea, complains that the trial court erred in adjudging the costs of suit against him as a defendant after he had filed a disclaimer. The said appellant's pleadings show he first denied generally appellee's allegations and then disclaimed. The Supreme Court held in the case of Etter v. Dignowitty, 77 Tex. 212, 13 S.W. 973, that the costs are properly adjudged against a party who files a disclaimer after having answered on the issues in the case. This appellant did not brief this question he raised but stated, "None necessary." It has likewise been held that questions raised by a party but not briefed as required by Rules of Civil Procedure are waived. Landwer v. Fuller, Tex.Civ.App., 187 S.W.2d 670, and other authorities there cited. The record also fails to disclose that any motion was made in the trial court by either party to retax the costs or that this matter was called to the attention of the trial court in any manner. For all of these reasons such complaint is overruled.

 Appellants complain in their brief in effect that appellee did not offer in evidence a copy of his request for admissions and the sworn answer thereto; that appellee's request for admissions called for answers to be made not later than ten days from the date same was mailed rather than not less than ten days from the date of the delivery of same as provided for in Rule 169; that the names of appellee and his attorneys were printed by the typewriter on the request and not signed and other such character of irregularities about none of which, according to the record, any complaint was made by appellants before the trial court during the procedure of the trial. Appellants admit, however, that they received the written request from appellee, filed an unsworn reply to the same and we find a stipulation in the statement of facts approved by all the parties as well as by the trial judge stating in effect that a request for such admission was made by appellee under the provisions of Rule 169; that ap-

pellants within a few days thereafter filed unsworn answers to the clerk of the trial court and gave a carbon copy of the same to appellee's attorney; that such answers were never sworn to by appellants or their attorney; that both the request and unsworn answers were introduced and considered by the trial court before the jury was instructed; that both the request for admissions and the unsworn answers as they appear in the pleadings and later in the transcript were made a part of the statement of facts without copying them in such statement of facts and that they may be fully considered for all purposes on appeal. We find no provision made in Rule 169 for the manner in which a party shall sign a request for admissions but we do find from the record that appellants, without making any objections to its form in the trial court, made an attempt to comply with such request. We believe appellee made the request for admission substantially in accordance with the provisions of Rule 169 but if any minor irregularities existed in such request such were waived by appellants because of the stipulation made and because of their failure to point out to the trial court any such claimed irregularities during the procedure of the trial.

█ In view of the disposition made by us of the questions above raised, we do not consider it necessary to pass on other points of error or questions raised by appellants, however, on June 10, 1946, appellants secured the approval of the trial court and had filed four lengthy bills of exception covering eighteen pages in the transcript. These bills complain generally of most all the procedure had in the trial court covering either matters hereinabove passed on by us or matters that we do not now consider it necessary to pass on in view of the disposition made of other questions by us, the last bill being about the latter matters. The first three bills were qualified by the trial court and such qualifications are consistent with the rulings made by the trial court which are hereinabove discussed by us. Appellants filed for the record the bills of exception including the trial judge's qualifications thereon and therefore became bound by the qualifications which became

part of the said bills. Texas Textile Mills v. Gregory, 142 Tex. 308, 177 S.W.2d 938, and other authorities there cited. We think the trial court properly disposed of the matters about which appellants complain in the said three bills of exception and such matters are binding on appellants. We therefore see no advantage in further discussing such bills of exception.

The provisions of Rule 169 are simple, clothed in language easily understood and in no wise drastic. We think the authorities hereinabove have placed a reasonable construction on the said rule, which is very applicable to this case.

Chief Justice Rice, speaking for the Waco Court of Civil Appeals, held in the case of Frierson v. Modern Mut. Health & Accident Ins. Co., supra, that the legal effect of a failure to answer a request for relevant matters as provided for in Rule 169 established in favor of the party making the request every fact tendered by the pleadings and it was the duty of the trial judge to apply the law to the facts so established and render judgment accordingly.

After carefully considering the record, it is our opinion that the case was properly disposed of by the trial court and its judgment is therefore affirmed.

BOYCE, Justice (dissenting).

I respectfully dissent. The purpose of Rule 169 is to expedite trials and to relieve the parties of the cost of proving undisputed facts, the truth of which can be ascertained by reasonable inquiry. Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, 227, and authorities there cited.

It is apparent from appellee's first amended original petition, filed six days before the admissions were requested, that the issue of tenancy would be a disputed one on the trial. In that petition appellee alleged that the appellants had not leased the land from him for the year 1946, that they were withholding possession without any lease and that any lease which they had had, terminated on December 31, 1945.

The request for admissions involved statements that appellee had title to the land, and that he was variously known as "George D.," "Geo. D." and "G. D."

Greaves in addition to those involving the lease, right of possession, rents and damages. Within ten days after the request for admissions was made, appellants delivered to appellee's attorney unsworn answers, in which they admitted all of the statements contained in appellee's request except those asserting that appellants had no lease on the land, that the rental value of the land for the holdover period was $300, that damages for withholding possession were $500 and that appellee was, and had been since January 1, 1946, entitled to possession of the land. In their answers, appellants stated that they would on the trial assume the burden of establishing a rental contract between the appellee and appellants for the year 1946 and that they would ask for the right to open and close.

When the case was called for trial some two weeks later, the appellants filed an amended answer containing admissions conforming to their unsworn answer to the request for admissions and asking for the right to open and close on their pleading of an oral lease of the land to one of the appellants for the year 1946. This appellant further admitted that in the event he failed to establish his lease, the appellee was entitled to reasonable rent of the premises since January 1, 1946, and to reasonable damages for the wrongful holding over. To this pleading, the appellee filed a supplemental petition denying any lease to the appellants for the year 1946 and that either had any right to possession of the land for that year or any part thereof.

The case proceeded to trial on these pleadings. The appellant, W. J. Billingslea, was sworn as a witness but was not permitted to testify to the making of the lease because the answers to the request for admissions had not been sworn to. This defect in the answers was raised for the first time in the objection to the testimony. After the court had sustained the objection, appellants filed what they denominated "Defendants' Motion for Permission to Verify Answers," in which they asked permission to verify the answers and to withdraw their announcement of ready. The motion was overruled.

Was the trial court clothed with any discretion when called to rule on the motion for permission to verify? Rule 1 of the Texas Rules of Civil Procedure provides that the objective of the rules is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law; to the end that the objective may be attained quickly and at the least expense, the rules are to be given a liberal construction. This rule provides a firm basis for the holdings in Gordon v. Williams, Tex.Civ.App., 164 S.W.2d 867, 868, and Masten v. Gower, Tex.Civ.App., 165 S.W.2d 901, 902, that the trial court has some discretion in applying Rule 169. See also Sulzbacher v. Travelers Ins. Co., D.C.Mo., 2 F.R.D. 491.

Did the trial court abuse his discretion in refusing to permit the appellants to verify the answers at the time of trial? By pleadings filed in the case, which were as effective as admissions of the statements requested would have been, the controversy had been reduced to the primary issue, a lease by appellee to appellant, W. J. Billingslea, for the year 1946, and the incidental issues of the reasonable rental value and damages in the event Billingslea failed to prove the lease. The objective of Rule 169 had been accomplished since it was apparent from the outset that the lease would be in dispute. To permit the case to turn on the appellant's failure to swear to the answers clearly violates the objective of the rules as stated in Rule 1.

This case illustrates how brittle our rules of procedure, designed for flexibility, can become unless wide discretion is used in their application. In my opinion, the trial court abused his discretion in overruling the motion to verify the answers and the case, for that reason, should be remanded for trial on its merits.