Ralph **PRATER**, an infant, by Lillian Prater, his grandmother and next friend; Sammie Burnett, an infant, by Lodell Burnett, her mother and next friend; Marvis LaVerne Kneeland, by her father and next friend, James Kneeland, and Harriet Roddy, an infant, by Clara Roddy, her mother and next friend, on behalf of themselves and others similarly situated, Petitioners,

v.

Honorable Marion S. **BOYD**, United States District Judge for the Western District of Tennessee, Respondent.

No. 13794.

United States Court of Appeals
Sixth Circuit.

Feb. 17, 1959.

---

H. T. Lockard, Memphis, Tenn., Thurgood Marshall, Constance Baker Motley, New York City, A. W. Willis, Jr., R. B. Sugarmon, Jr., and B. F. Jones, Memphis, Tenn., for petitioners.

Allison B. Humphreys, Jr., Nashville, Tenn., for respondent.

Before ALLEN and MILLER, Circuit Judges, and MATHES, District Judge.

PER CURIAM.

Invoking the authority of this Court under the All Writs Act [28 U.S.C. § 1651], petitioners here seek a writ of mandamus to compel the respondent Judge to hear their motion for a preliminary injunction in Civil Action No. 3550 now pending in the United States District Court for the Western District of Tennessee, Memphis Division, wherein petitioners are plaintiffs and the "State of Tennessee Board of Education", the "Members of the State Board of Education of Tennessee", and the President and the Registrar of Memphis State University, are defendants.

It is alleged in the complaint in Civil Action No. 3550, a copy of which is attached to the petition here, that as "Negro citizens of the United States, State of Tennessee, and residents of * * * the City of Memphis" petitioners have "satisfied all requirements for admission" and are "entitled to immediate enrollment in Memphis State University, which is under the jurisdiction, management and control of the Defendants", but have been denied admission.

The complaint prays, *inter alia:* "That the Court advance this case upon the docket and order a speedy hearing of same forthwith * * * That the Defendants herein be temporarily and permanently enjoined from executing, enforcing, or in any way effectuating the resolution, directive, and/or authorization of the Board of Education of the State of Tennessee denying the immediate admission to Memphis State University to the Plaintiff[s] herein."

The plaintiffs in Civil Action No. 3550 have filed therein a formal "Motion for Preliminary Injunction", and the defendants have filed a "Motion to Dismiss".

It was conceded at the bar upon oral argument that State colleges and universities in Tennessee, other than Memphis State University, admit eligible negro students. See: Booker v. State of Tennessee Board of Education, 6 Cir., 240

F.2d 689, certiorari denied 1957, 353 U.S. 965, 77 S.Ct. 1050, 1 L.Ed.2d 915.

The record does not show, as asserted by petitioners, that the respondent Judge has refused to hear petitioners' motion for a preliminary injunction. In fact, it shows the contrary. Before the petition here was filed, the respondent Judge had set defendants' motion to dismiss for hearing on February 20th next; and the return and answer made by the respondent Judge to the order to show cause issued pursuant to our Rule 29, 28 U.S.C.A. [28 U.S.C. § 1651(b)] declares that: "Respondent expects to hear and act on said motion at that time. As soon thereafter as possible, respondent intends to hear and act on the motion for the temporary injunction."

It appears from what was said at the hearing before us on February 10th that what petitioners desire by writ of mandamus from this Court is to compel a hearing and determination of their motion for a preliminary injunction in advance of the hearing and determination of defendants' motion to dismiss on February 20th.

The record discloses that one of the grounds advanced in the District Court in support of the motion to dismiss is that: "The statutes of Tennessee provide for the review of the action of the State Board of Education by writ of certiorari in a proceeding which is administrative or legislative in character, and the plaintiffs should be required to exhaust this [State] remedy before invoking the injunctive powers of * * [the Federal] Court" [See: Sections 27–901 to 27–906 T.C.A.; Odle v. McCormack, 1947, 185 Tenn. 439, 206 S.W.2d 416; Prentis v. Atlantic Coast Line Co., 1908, 211 U.S. 210, 229–230, 29 S.Ct. 67, 53 L.Ed. 150; Bacon v. Rutland R. Co., 1914, 232 U.S. 134, 137, 34 S.Ct. 283, 58 L.Ed. 538; Hawks v. Hamill, 1933, 288 U.S. 52, 60–61, 53 S.Ct. 240, 77 L.Ed. 610; Natural Gas Pipeline Co. v. Slattery, 1937, 302 U.S. 300, 310–311, 58 S.Ct. 199, 82 L.Ed. 276; Lane v. Wilson, 1939, 307 U.S. 268, 274, 59 S.Ct. 872, 83 L.Ed. 1281; Railroad Commission of Texas v. Pullman Co., 1941, 312 U.S. 496, 500–501, 61 S.Ct. 643, 85 L.Ed. 971.]

Of course the motion to dismiss is not before us and we intend no intimation as to the merits of the motion. The material just cited on the subject is merely to indicate the scope of the problem presented to the respondent Judge upon that motion and the possible basis for his discretionary decision to hear it in advance of the motion for a preliminary injunction.

■ There can be no doubt that mandamus will lie to compel a District Court having jurisdiction to proceed in the due exercise thereof. La Buy v. Homes Leather Co., 1957, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290; Ex Parte Parker, 1887, 120 U.S. 737, 743, 7 S.Ct. 767, 30 L.Ed. 818. But, as we observed in Black v. Boyd, 6 Cir., 1957, 248 F.2d 156, the power to issue the writ is discretionary and is "sparingly exercised." [248 F.2d at page 159.]

■ Moreover, the Supreme Court has admonished that use of the writ of mandamus against a judge is a "drastic and extraordinary" remedy [Ex Parte Fahey, 1947, 332 U.S. 258, 259, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041] which is "meant to be used only in the exceptional case where there is clear abuse of discretion * * *." Bankers Life & Cas. Co. v. Holland, 1953, 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106.

■ Here the respondent Judge is proceeding in the exercise of the District Court's jurisdiction, and we cannot say there has been any abuse of discretion in his determination to hear the motion to dismiss on February 20th, in advance of the application for a preliminary injunction. Indeed the questions raised by the motion to dismiss point to the desirability of hearing and determining the motions in the order stated.

The order to show cause is discharged and the petition is dismissed with costs in this Court to respondent.