**George B. PARR, Appellant,**

v.

**Victor LEAL ex rel. DUVAL COUNTY, Texas, et al., Appellees.**

No. 12971.

Court of Civil Appeals of Texas.

San Antonio.

May 9, 1956.

Rehearing Denied May 31, 1956.

Luther E. Jones, Jr., Corpus Christi, Looney, Clark & Moorhead, Thomas E. James, Austin, for appellant.

Sam H. Burris, Alice, Sidney P. Chandler, John Ben Shepperd, Austin, for appellee.

W. O. MURRAY, Chief Justice.

This is a plea of privilege case. The suit was for the recovery of land and damages, and was filed in the District Court of La Salle County, Texas, where a portion of the land is alleged to be situated. The defendant and his former wife, Thelma D. Parr, each filed a plea of privilege. These pleas of privilege were challenged by controverting affidavits, copies of which, together with the notation of the court setting them for a hearing, were served upon the defendants by Certified Mail rather than by Registered Mail as prescribed by Rule 87, T.R.C.P.

Defendants filed pleas questioning the jurisdiction of the court to consider the

controverting affidavits because service was had on defendants' attorneys by Certified Mail rather than Registered Mail. The trial court heard evidence and overruled these pleas to the jurisdiction of the court, and after a further hearing on the pleas of privilege overruled them. George B. Parr alone has prosecuted this appeal.

The trial court did not err in holding that appellant had received such notice of the controverting affidavit as is required by Rule 87, supra. Luther E. Jones, Esq., attorney for appellant, received the copy of the controverting affidavit, together with the court's notation setting the matter for a hearing, the only complaint being that he received it by certified mail rather than registered mail.

Rule 87, supra, in addition to providing that notice of the filing of a controverting affidavit to a plea of privilege, together with a notation thereon of the court, can be served by registered mail, also provides, in effect, that a copy of such controverting affidavit, together with the notation of the court setting the same for a hearing, may be served by delivering to the defendant or his attorney of record such copy and notation. Unquestionably, this delivery can be made to the defendant or his attorney in any manner, just so it is actually delivered to the defendant or his attorney. Here it is admitted that delivery was made to appellant's attorney through United States Certified Mail. This admission was sufficient to show that notice was given as required by Rule 87, supra. See also, Rule 21a, T.R.C.P.; Bell v. Jasper Lumber Corp., Tex.Civ.App., 287 S.W.2d 746. Appellant cites cases decided under Art. 2008, Vernon's Ann.Civ.Stats., but these cases are of little value here, as the promulgation of Rule 87 had the effect of completely repealing said Art. 2008. Hamill v. Kitchen, Tex.Civ.App., 182 S.W.2d 821.

Appellant next contends that the evidence was insufficient to show that a portion of the land was located in La Salle County. We overrule this contention.

There is no question about this being a suit to recover a 55,651-acre ranch, known as the Dobie Ranch, alleged to be located in La Salle and Webb Counties.

Appellees offered in evidence a warranty deed from St. Louis Trust Company to George B. Parr, dated April 27, 1945. The introductory paragraph to the description of the land conveyed is the same as that contained in Exhibit A, attached to appellees' pleadings, and states that the land is located in La Salle and Webb Counties.

Appellees also introduced in evidence a certified copy of a pleading by George B. Parr in the District Court of the United States, Docket No. 56710, reading as follows:

"The Tax Court of The United States

"George B. Parr, Petitioner, v. "Commissioner of Internal Revenue, Respondent. Docket No. 56710

Reply

"Comes Now petitioner, by his attorneys, and for reply to the answer filed in this proceeding admits, denies and alleges as follows:

"(7) Denies each and every allegation and statement contained in subparagraphs (a), (b) and (c) of paragraph (7) of the answer.

"(8) (a) Admits that the previously determined income in the amount of $66,455.96 is not in dispute, but denies each and every remaining allegation and statement contained in subparagraph (2) of paragraph (8) of the answer.

"(b) Admits that petitioner and his then wife, Thelma D. Parr, received during the taxable year 1945 funds in the total sum of $500,000, and that such sum was used by them to purchase a ranch in La Salle and Webb Counties, Texas, of approximately 56,000 acres,

paying for such ranch the sum of $416,-138.52 and, in addition to the purchase of the said ranch, the sum of $83,861.48 was left on deposit in 1945 in one of the bank accounts of the petitioner or his then wife, Thelma D. Parr, but denies each and every remaining allegation contained in subparagraph (b) of paragraph (8) of the answer."

Appellees also offered in evidence the testimony of Annie Wildenthal, Deputy Tax Collector of La Salle County, reading as follows:

"Questions by Mr. Chandler:

"Q. What is your name? A. Annie Wildenthal.

"Q. What official position, if any, do you hold in La Salle County? A. I work in the Tax Assessor-Collector's office, Sheriff's office.

"Q. On August 1st of this year, at my request, you made up a list of the total amount of acres of land in the Dobie Ranch, what is known as the Dobie Ranch, that is assessed for taxes in La Salle County, and I hand you this slip and ask you if you made that up for me at that time? A. I made the slip, but I don't remember whether it was August 1st or not, I don't remember the date, but I made the slip.

"Q. And how many acres of land out of what is known as the Dobie Ranch are assessed for taxes in La Salle County? A. Well, according to what we have run up here it is 34,854.44 acres.

"Q. Who, if you know, pays the taxes or are those taxes assessed to? A. Well, I have it assessed on the rolls to George B. Parr."

No evidence was offered by appellant to contradict this evidence or to show that no portion of the land involved was located in La Salle County. Under all the circumstances the evidence was sufficient to show that a portion of the land sued for was located in La Salle County, the county of suit.

In venue cases the force of evidence, though slight, is greatly increased in weight by the failure of the opposite party to rebut it, where it is obvious that the means are readily available to him. If a portion of the land sued for was not located in La Salle County, certainly evidence to that effect was readily accessible to appellant.

The judgment is affirmed.