Carl CUNNINGHAM, Appellant,

v.

ASSOCIATES INVESTMENT CO., Appellee.

No. 5172.

Court of Civil Appeals of Texas.

El Paso.

July 11, 1956.

Rehearing Denied Oct. 3, 1956.

Second Rehearing Denied Oct. 31, 1956.

Wilson F. Walters, Denison, for appellant.

O. M. Stubblefield, Bonney, Wade & Stubblefield, Dallas, for appellee.

HAMILTON, Chief Justice.

This is an appeal from the judgment of the County Court at Law of Grayson County, granted in favor of appellee, Associates Investment Company, on its motion for summary judgment on its note, and on appellant's cross-action, against Carl Cunningham, appellant.

It appears that appellant executed a note and chattel mortgage on an automobile which he had purchased from the appellee, said note to be payable in 24 equal monthly installments. After several monthly installments had been paid and at a time when no delinquent payments were due, appellant voluntarily returned the automobile to appellee, saying he could not pay for it. Said automobile was subsequently sold by appellee to the highest bidder, as pro-

vided in the chattel mortgage, and the amount received therefor was credited on appellant's note, leaving a balance unpaid of $458.80. Judgment was entered for said amount, plus $68.82 attorneys fees. The note did not provide for any attorneys fees. Judgment also was for appellee on appellant's cross-action for damages for alleged wrongful sale of automobile.

Appellant complains of the court allowing attorneys fees. We agree with appellant in this instance, and hold that the trial court was in error in allowing attorneys fees when there was no promise by appellant to pay attorneys fees.

Appellant also contends that the court was in error in not granting appellant's motion to strike the admissions filed in the cause in reply to appellee's request for admissions, for the reason that appellee did not mail the request by registered mail but sent same by certified mail, which failed to comply with Rule 21a, T.R.C.P., which provides that such matters be sent by registered mail or delivered in person. We think this complaint is without merit. While appellant may not have been required to file his admissions in reply to appellee's request for admissions sent by certified mail, yet he having filed them voluntarily we do not think the trial court abused its discretion in refusing to strike them.

Appellant also contends that there was a valid question of dispute of fact as to whether or not appellant turned said car over to appellee upon the promise that appellee would notify him before selling said car. This question of fact, if any, was raised by affidavit filed by appellant two days after appellee's motion for summary judgment was set for hearing, and heard. There was no motion made by appellant for extension of time in which to file a controverting affidavit, and no excuse given for not having filed same within the time required. The court heard the matter without the benefit of said affidavit, and did not consider same in arriving at his judgment. We therefore overrule such contention of appellant.

All other points raised by appellant are overruled.

We affirm the court's judgment as to the principal amount of $458.80, and reform said judgment by deducting the amount of $68.82 allowed as attorneys fees.

### On Appellant's Motion for Rehearing.

Appellant in his motion for rehearing complains of our statement in our original opinion to the effect that there was no question of fact raised as to whether appellee and appellant had an agreement at the time appellant turned possession of the automobile in question over to appellee, that appellee was to hold said automobile for a reasonable time before sale, and would notify appellant before sale was made.

We gave as our reason for making such statement that the matter was not raised until two days after the hearing on the motion, and was not considered by the trial court. It appears that we were incorrect in that statement because there was a pleading filed by appellant one day before said hearing in which the above matters were pled, and further that said pleading there raised the point that the promise from appellee was fraudulently made in order to obtain possession of the antomobile without the necessity of bringing foreclosure proceedings. Appellee's previously filed affidavit supporting the motion for summary judgment does not clearly controvert said pleading. Such affidavit in effect states that appellant voluntarily turned said automobile over to appellee, that he could not pay for same, and further that the automobile was sold for $610, which was all it could be sold for considering the condition it was in when returned.

Appellant does not allege that the car sold for an inadequate price, nor does he allege the automobile had a reason-

able market value of any more than the $610 at the time of repossession or sale, consequently since appellant was credited with the $610 on his note he does not by his pleadings show any damage suffered. He does allege that he had paid $228.80 on the automobile and was entitled to a judgment for that amount, as though he were suing for a recision of the original purchase agreement, of which he does not complain.

Since appellant in his cross-action did not allege any damage by wrongful repossession of said automobile, or wrongful sale of same, and did not allege any basis upon which damage could be assessed for such alleged wrongs, we are compelled to hold that the trial court was correct in granting a summary judgment to appellee on appellant's cross-action, as well as on appellee's main suit.

The motion for rehearing is denied.