Helen **HILL**, Appellant,

v.

Joe **CAPARINO** et ux., Appellees.

No. 14176.

Court of Civil Appeals of Texas.

Houston.

Sept. 12, 1963.

Peter P. Cheswick, Houston, for appellant.

Robert A. Scardino, Houston, Vincent J. Musachia, Houston, of counsel, for appellees.

COLEMAN, Justice.

This is an appeal from a summary judgment rendered for the defendant in a suit for damages by reason of personal injuries.

Appellee made certain requests for admissions and, in accordance with Rule 169, Texas Rules of Civil Procedure, stated in the instrument containing the request: "You are required to serve your answer at the expiration of eleven days from the date on which you receive a copy of this request." Appellant contends that under Rule 169 only the trial court can extend the time for the answer to be filed to a date more than ten days from the date of receipt of the request.

Rule 169 provides:

"* * * Each of the matters of which an admission is requested shall

be deemed admitted unless, within a period designated in the request, *not less than* ten days after delivery thereof *or* within such further time as the court may allow on motion and notice, the party to whom the request is directed delivers * * * a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters. * * *" (Emphasis added)

Appellant's contention is not well taken.

Appellant objects to the form of the request in that the attorney for appellee filed in the Clerk's office a certificate that a correct copy of the request was mailed by ordinary United States mail to the attorney for appellant, contrary to the provisions of Rules 169, 21a, and 21b, Texas Rules of Civil Procedure.

Rule 169 requires that a true copy of such a request for admissions, together with proof of the delivery thereof as provided in Rule 21a, shall be filed promptly in the Clerk's office by the party making the request. Rule 21a provides for service either in person or by registered mail. Rule 21b provides that service by certified mail may be had in any case where registered mail would be proper.

Appellee's certificate reflects that the request for admissions was deposited in the ordinary United States mail on August 30, 1962, a date which we judicially know fell on a Thursday. Appellant filed an answer on September 13, 1962, also on a Thursday. Appellee then filed a motion to have the facts inquired about in the request for admissions deemed admitted because the answer was not timely filed and because the answer filed was so vague and evasive as to constitute no answer. After a hearing, the trial court found that the answer was not filed within the time required by Rule 169 and that the answer filed late was so vague and evasive as to constitute no answer, and ordered that the Request for Admissions of

Relevant Facts be deemed answered affirmatively as a matter of law. There is nothing in the record reflecting that appellant requested an extension of time within which to file a new answer, or to amend her answer. No bills of exception have been filed.

Appellant has not contended in her brief that the answer was timely filed. It is her contention that since appellee failed to comply with the rules in making his request, appellant was not required to file an answer.

Rule 21a provides that any notice required by the Rules may be served by delivering a copy of the document to the attorney of record of the party to be served, in person or by registered or certified mail. A certificate that notice has been so given constitutes prima facie proof of service. The trial court was authorized to determine from evidence other than the prima facie proof mentioned in Rule 21a that the appellant had received the Request for Admissions and the date on which such request was received. Farmer v. Cassity, Tex.Civ. App., 252 S.W.2d 788; Parr v. Leal ex rel. Duval County, Tex.Civ.App., 290 S.W.2d 536; Bell v. Jasper Lumber Company, Tex. Civ.App., 287 S.W.2d 746, writ dism.; Billingslea v. Greaves, Tex.Civ.App., 196 S.W. 2d 945; Cunningham v. Associates Investment Co., Tex.Civ.App., 295 S.W.2d 687, err. dism.

Nothing in the facts presented by the record indicates that appellant was deprived of a full eleven days in which to file her sworn answer to the request for admissions. In support of the trial court's judgment on the motions, it is presumed that evidence was presented which supported his action in finding that the answer was filed late. In the absence of a motion to permit a late filing of the answer, there can be no complaint of the action of the trial court in entering his order decreeing that the Request for Admissions of Relevant Facts be deemed answered affirmatively. O'Connor v. City of Dallas, Tex.Civ.App., 337 S.

W.2d 741, err. dism.; Burnett v. Cory Corp., Tex.Civ.App., 352 S.W.2d 502, ref., n. r. e.; Longoria v. Violet Gin Company, Tex.Civ. App., 309 S.W.2d 484, ref., n. r. e.

Since the answer to the Request for Admissions was filed too late to be considered, it is not necessary to lengthen this opinion by an extended discussion of the trial court's further holding that the answer as filed was so vague and evasive as to constitute no answer. We agree with this finding, which is a sufficient basis for the action taken by the trial court.

█ The answers to the Request for Admissions, together with the matters set out in the affidavit filed with appellee's motion for summary judgment were sufficient to negative the pleaded grounds of recovery unless questions of fact were raised by the sworn answer to the motion for summary judgment. The matters deemed admitted could not have been contradicted by testimony at a trial on the merits. Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, err. ref.; Frierson v. Modern Mut. Health & Accident Ins. Co., Tex.Civ.App., 172 S.W.2d 389, ref., w. m.; Billingslea v. Greaves, supra.

█ The answer to the motion for summary judgment was sworn to by appellant's attorney and there is nothing in the answer showing that he was competent to testify to the matters of fact stated therein. No issues of fact could have been raised by this answer. Richards v. Smith, Tex.Civ.App., 239 S.W.2d 724, ref., n. r. e.; Youngstown Sheet & Tube Co. v. Penn, Tex.Sup., 363 S.W.2d 230.

In the last cited case the Supreme Court of Texas, while discussing Rule 166–A, Texas Rules of Civil Procedure, said:

"Although there is no express requirement that the affidavits state that they are made on the personal knowledge of the affiant, we think this is the intendment of the rule. Hearsay may not be made the basis of a summary judgment, and the trial judge should not be required to speculate as to whether the affiant could establish the facts stated in his affidavit if he were testifying from the witness stand."

While appellant's answer to the motion for summary judgment does not meet the requirement of this interpretation of Rule 166–A, the affidavit in support of the motion clearly does.

 The trial court did not err in granting appellee's motion for summary judgment in the absence of an affidavit raising questions of fact in support of the pleadings filed by appellant. Baxter v. Beaupre, Tex. Civ.App., 295 S.W.2d 718; Sandone v. Dallas Osteopathic Hospital, Tex.Civ.App., 331 S.W.2d 476, ref., n. r. e.; Allen v. Western Alliance Ins. Co., Tex.Civ.App., 343 S.W. 2d 765, aff'd 162 Tex. 572, 349 S.W.2d 590.

The judgment of the trial court is affirmed.