LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant,

v.

Diane HAYDEN, Individually, and as Representative of the Estate of Steven B. (Bruce) Hayden, and as Next Friend of Stephanie Hayden and Alicia Hayden, Minors, Appellees.

No. 09–88–249 CV.

Court of Appeals of Texas, Beaumont.

Sept. 28, 1989.
Rehearing Denied Oct. 19, 1989.
Second Rehearing Denied Nov. 8, 1989.

Michael Phillips, Houston, for appellant.

Mary Ann Turner, Conroe, for appellees.

OPINION

BROOKSHIRE, Justice.

Appeal from the granting of a motion for summary judgment. A vehicular accident is the basis of this suit. The vehicular collision occurred on February 10, 1986, on Highway 290 near the town of Elgin. The time was 6:20 or 6:40 a.m. The involved 1980 Chevrolet Silverado pick-up truck was owned by the deceased, Steven Hayden. That truck collided with a Kenworth tractor-trailer. Hayden's truck had two riders. The three men had been and were employees of Quantum Construction Company, doing business as H & H Construction Company. They were due to arrive at a job site in Austin, Texas at sometime that morning between 7:30 and 8:00 o'clock a.m.

The transcript shows that the Appellees filed certain Interrogatories and Request for Admissions with the clerk on February 1, 1988. The Interrogatories were apparently on top of the Request for Admissions and there is a contention that when received the package, containing both of the named pleadings, was stapled together firmly. The Appellees by way of cover sheet to the Interrogatories requested that the questions that were propounded be answered within thirty-five days. The Request for Admissions, however, stated that the same would require answers to be furnished within ten days. But this paper was buried from view. The Request for Admissions was filed pursuant to *TEX.R.CIV.P. 169.*

The attorney for the carrier takes the position that the thirty-five days granted to answer Interrogatories was forcefully misleading as to the Request for Admissions. Nevertheless, on March 7, 1988, the Appellant provided answers to the Interrogatories and responses to the Request for Admissions to counsel for the Appellees. March 7, 1988, fell on a Monday. On April 27, 1988, the Appellees filed their motion for summary judgment and provided a notice of a hearing that was set for May 19, 1988. On May 11, 1988, the Appellant filed its motion to set the time for filing the answers to the Request for Admissions and also a motion to take notice of *Rule 21* as

well as a motion for leave to amend the answers to the Request for Admissions. The following day, on May 12, Appellant filed Defendant's response to motion for summary judgment along with certain supporting affidavits. The hearing on the motion for summary judgment was set on May 19th. On that same day the Appellees attempted to file an affidavit to support their motion for summary judgment without obtaining leave.

On May 20th after the hearing, Appellees filed their motion for leave of court to file additional affidavits. This Appellees' motion was granted by an order permitting the Appellees to file additional material on May 20, 1988. The motion for summary judgment was granted and signed by the trial court on May 21, 1988. May 21st was a Saturday. Notice of the judgment favorable to the Appellees was placed in the mail on May 23rd. On May 25th the Appellant filed certain supplemental responses to the motion for summary judgment.

The trial court denied Appellant's motion for leave to file amended answers to Request for Admissions and a motion to extend time for filing answers to Request for Admissions and a motion to withdraw deemed admissions. *Rule 169* provides that the Request for Admissions is deemed admitted without the necessity of a court order, unless within thirty days after the service of the request or within such time as the court may allow, the party to whom the request is directed, serves upon opposite party a written answer or objection addressed to the Request for Admission or the matters inquired about. Appellant contends that it did not receive the Request for Admissions until February 2, 1988. But employing the date of February 1st, the date of the certificate of service, and counting thereafter and forward for thirty days the due date would be March 2, 1988.

■ Appellant cites *Rule 21a* of the Texas Rules of Civil Procedure that provides that when a party has a right or is required to do some act within a certain prescribed period after the service of a notice or other paper and the notice or paper is served on him by mail, *then three days shall be add-ed to the prescribed period.* By adding these three days pursuant to this record under *Rule 21a* the due date would then be advanced to March 5th which was a Saturday and the responses to the Request for Admissions would have been correctly due on the following Monday, March 7th. March 7 was the correct date under the applicable rules. Appellant timely and properly complied. Significantly, Appellees' own Exhibit "D" attached to their motion for summary judgment apparently concedes this. The Appellees failed to provide a proper time under the Rules within which the responses or answers to the admissions were to be filed. The attempted ten day limitation, we conclude, was not correct. Counsel for the *carrier had thirty-five days to answer the Interrogatories.* Clearly *Rule 169* which governs Request for Admissions does not contain a time limitation of either thirty-five days or ten days, but is geared to a thirty day period.

We think, in this unusual record of the proceedings below, the answers to the Request for Admissions were timely filed. From summary judgment evidence in the case, there are hotly disputed issues of very material facts. *Rule 169* was not promulgated as an unwary encumbrance or entrapment to defeat the presentation of the relevant, bona fide testimony and evidence in a full hearing concerning ultimate, controlling, material fact issues. *Rule 169* is not to be employed to defeat a search for the truth. Basically *Rule 169* is an implement for fair disposition of factual matters that could be and would be agreed to. See *Taylor v. Lewis,* 553 S.W.2d 153 (Tex.Civ. App.—Amarillo 1977, writ ref'd n.r.e.).

■ We easily perceive that there was a serious question of whether Mr. Hayden was in the course and scope of his employment. He owned the truck involved personally and had his own personal insurance on the same. The contention is strongly advanced by adequate summary judgment proof that he was not to receive any travel expenses from his employer; further, that he would not be accruing or earning his pay or wages until he arrived at the job site and entered into the assigned tasks of

work. He was not riding in a company vehicle. The Industrial Accident Board denied the claim of Appellees.

There exists in the record an affidavit of John Kilpatrick which states that the sets of Interrogatories and Request for Production *and a set of Request for Admissions were all received in the same mailing* and the Request for Admissions was stapled under the Interrogatories and Request for Production of Documents.

However, since the Request for Admissions was underneath and stapled to the other discovery pleadings, the Request for Admissions was not readily seen, observed, or observable. Nevertheless, the Request for Admissions was propounded pursuant to *TEX.R.CIV.P. 169* and Appellees demanded that within ten days after the service that Liberty Mutual or its attorney admit under oath or deny under oath certain numerous facts. This time limitation was clearly erroneous and eviscerated *Rule 169*. Thirty days would have been a proper limitation under *Rule 169*. *TEX.R.CIV.P. 1* comes into full play in this situation. The objective of *Rule 1* is to obtain just, fair and impartial adjudication of the rights of litigants under established principles of substantive law. We decide *Rule 1* should be invoked.

Moreover, the movants have failed to prove as a matter of law that they are entitled to receive worker's compensation benefits for Stephanie and Alicia, minor daughters of Steven Hayden, when each (or both) are beyond the age of eighteen years. Appellees candidly concede in their brief that there is no proof that the children may not or will not attend college. We find no proof that they will. The Worker's Compensation Act in substance provides, concerning minors, that the weekly benefits payable to a child shall continue until the child reaches eighteen years of age, or beyond such age if actually dependent, or until twenty-five years of age *if enrolled as a full-time student in an accredited educational institution. TEX. REV.CIV.STAT.ANN. art. 8306, sec. 8* (Vernon Supp.1989). We decide that such relevant summary judgment proof, if possible, should have been proffered by the Appellees pursuant to *Article 8306, sec. 8*. The judgment, hence, is also defective and erroneous on this vital issue.

Of course, Stephanie would be entitled to receive further benefits beyond her eighteenth birthday, if she is enrolled as a full-time student at an accredited educational institution such as an accredited university or college. The same statute applies beneficially to Alicia Ann. The years of their births are 1980 and 1985. The attorneys' fees (that is the future attorneys' fees after the respective 18th birthdays) would be extended if either Stephanie or Alicia shall have been enrolled as a full-time student in an accredited college, university, or educational institution. But the order signed below dictates that Stephanie will receive weekly benefits until January 21, 2005, and that Alicia will receive weekly benefits until October 17, 2010, being a totally unproven award. Hence, the award of the attorneys' fees is based on these erroneous speculations. Having found error, the judgment must be reversed and cause remanded for full trial on its merits.

### Answering the Dissent

The dissent acknowledges the appeal turns on whether the responses or answers to the Request for Admissions were timely filed—conceding: "If they were, the summary judgment was improper...." A genuine issue of any material fact will necessarily defeat summary judgment. *TEX.R. CIV.P. 166a(c)(i), (ii)*.

The relevant material fact—indeed, the paramount fact issue in this appeal—is a procedural one which involves a crucial fact issue. We conclude *Rule 166a(c)* applies. *The dissenter insists* that the *date of service and the manner of service were fact issues to be resolved by the trial judge. The bench does not decide fact issues in a summary judgment proceeding.* The hotly contested fact issues concerning the date of service and the manner of service are so intimately intertwined and commingled with the other questions inherent in the motion for summary judgment that these

two issues could not be separately and prematurely disposed of. The dissenter argues "that the trial court is in a superior position to find facts." That pronouncement is contrary to *Rule 166a.*

No conclusive summary judgment proof exists that the death arose out of and originated in the work or business of the employer. Appellees failed to prove that the transportation was furnished as a part of the employment contract or the cost thereof was paid for by the employer. The means of transportation were not proved to be under the control of the employer. Nor did the Appellees conclusively show that the course of transportation was in the course of employment, failing, as well, to prove that the travel unquestionably was not in the furtherance of Mr. Hayden's personal affairs or private matters. *TEX. REV.CIV.STAT.ANN. art. 8309, sec. 1b* (Vernon 1967). The movants have not demonstrated their entitlement to the entered judgment as a matter of law.

But, the dissenter states that the judgment should be "cured"—not reversed.

We do not have any evidence to show Stephanie or Alicia after 18 years of age *will go to* college or *any accredited educational institution;* and if so, for how long—how many semesters.

In this appeal from a summary judgment record, how can we accurately cure the judgment and with any certainty determine and then decide the number of installments and the weekly benefits payable to a daughter after reaching eighteen years of age or beyond such age if the daughter is *actually dependent* or until *twenty-five years of age if the young person is enrolled as a full-time student in an accredited educational institution?* Query: How can this intermediate appellate court determine the question of *actual dependency,* or *being enrolled as a full-time student in any accredited educational institution?* Query: How can we here and now in light of the record determine by finding numerous vital, ultimate facts and then cure the judgment pursuant to the statutory provisions that upon termination of the eligibility of any child to receive

benefits; then, that portion of compensation paid to such child shall thereafter be paid to any remaining child entitled to benefits under the provisions of the act? The distant future alone can determine these paramount facts. The same legislative act provides, in certain circumstances, that the attorney's fee shall be paid periodically and not in a lump sum, depending upon future unknown facts. *TEX.REV.CIV.STAT. ANN. art. 8306, sec. 8(d)* (Vernon Supp. 1989) (Acts 1983, 68th Leg., Reg.Sess. p. 3841, ch. 602).

That the majority "utilizes *TEX.R.CIV.P. 21a* to extend the deadline for filing the answers to Request for Admissions" is denied. *Rule 21a* necessarily comes into play and is paramountly involved for the simple reason that an *affiant swore that the Request for Admissions with two other discovery pleadings came in the same mailing.* The dissent placed major reliance on the statement that the trial judge had before him an affidavit saying that the Request had been served by hand on February 2nd, which late affidavit (filed after the hearing) was controverted. Again, it is contrary to *Rule 166a* and the concept of summary judgment practice *for the trial court to find facts, especially when the same are disputed.* The finding of facts necessarily means that there was disputed summary judgment proof on whether the Request for Admissions was served by mail or by hand.

The highly contested and disputed manner of service of the Request for Admissions of fact is not only a material procedural, disputed issue, but it is likewise a genuine disputed issue of a material fact, placing in issue that the answers or responses were timely filed. *Rule 21a.* Hence, *there exists genuine disputed issues on material, ultimate facts under TEX.R.CIV.P. 169 and 166a.* Thus, there were bona fide, genuine disputed issues as to several material facts—indeed, ultimate facts. The trial judge abused his discretion by granting the summary judgment. Of course, it follows since the answers and responses to the Request for Admissions were timely filed (or there exists a genuine

issue of that material fact), then the court's action in denying their consideration as a part of the record on the hearing on the summary judgment was reversible error.

It is necessary to stress that the Request for Admissions was erroneously served under the old rule and in a partially concealed and unobservable manner. The requestors demanded the answers and responses be made within ten days whereas the applicable rule allowed thirty days. *TEX.R. CIV.P. 169.*

### Appellees' Late Affidavit

It should be noted and stressed that the hearing on the motion for summary judgment was conducted on the 19th day of May, 1988, and on that same date, May 19, 1988, there was filed an affidavit of one Alton Mathis. Mathis swore that he was the delivery man and process server on a part time basis for the law offices of K. Michael May, P.C., attorney for Appellees, and that he delivered to the offices of John Kilpatrick, 13201 Northwest Freeway, Houston, Texas, Written Interrogatories, Request for Production, and Request for Admissions in the instant *case on February 2nd, 1988.* This was the first time an affidavit was filed by the delivery man Mathis claiming a hand delivery of these discovery pleadings. It is also interesting to note that the certificate of service on the Request for Admissions states that the Request for Admissions *had been furnished to all interested parties on the 1st day of* February, 1988, which is in conflict with Alton Mathis' affidavit.

In fact, Diane Hayden, individually and as the representative of the estate of Steven B. (Bruce) Hayden, deceased, *filed a motion for leave of court to file an additional affidavit on May 20th, 1988, the day after the motion for summary judgment hearing was conducted and completed.* And on the same date, May 20th, 1988, after the motion for summary judgment hearing had been closed, the court granted the motion for leave to file an additional affidavit on behalf of Diane Hayden. In light of the fact that the court permitted the plaintiffs below to file additional affidavits for summary judgment purposes one day after the hearing, we conclude that it was abuse of discretion to deny the carrier's motion for continuance and for leave to amend which were filed before the hearing.

Furthermore, the defendant below filed a timely response to the motion for summary judgment, which itself disallows the granting of the motion for summary judgment.

The defendant's motion for leave to file amended answers to Request for Admissions, motion for leave to take notice of *Rule 21,* motion for leave to extend time for filing answers to Request for Admissions, and a motion to withdraw deemed answers to Request for Admissions were urged on May 19, 1988. These motions had been filed earlier. The trial court apparently denied the said motions prior to granting plaintiff's motion for summary judgment, but did not enter or sign the order until May 27, 1988. *But the trial court could not and did not strike the defendant's response to the plaintiff's motion for summary judgment.* The response was timely filed. We must stress again that pursuant to *Rule 21a* that once the issue was raised that the Request for Admissions were served by mail; then: "Three days shall be added to the prescribed period." The word or verb "shall" has uniformly been interpreted as a mandatory command. *Rule 21a.*

Judgment reversed and cause remanded.
REVERSED AND REMANDED.

WALKER, C.J., not participating.
BURGESS, Justice, dissenting.

I respectfully dissent. This summary judgment case turns on whether the requests for admissions were timely answered. If they were, the summary judgment was improper; if they were not, the requests were deemed admitted and the summary judgment was proper. The trial court found the answers were untimely and thus the admissions were binding against appellants.

The majority utilizes *TEX.R.CIV.P. 21a,* to extend the deadline for filing the an-

swers to the requests for admissions from March 2 to March 5 and consequently March 7. Rule 21a, however, only applies if the requests for admissions were served upon appellants *by mail.* The date of service and manner of service was a fact issue to be resolved by the trial judge. The trial judge had before him an affidavit stating the requests had been served *by hand* on February 2. He found the March 2 deadline was correct and the answers filed on March 7 were untimely. It would unnecessarily lengthen this dissent to cite all the cases where this court has acknowledged that the trial court is in a superior position to find facts and we cannot find facts nor should we substitute our judgment for that of the trial court. Yet the majority has done both.

The majority intertwines the factual issues concerning the requests for admissions and their answers with the summary judgment procedure. These are separate and distinct. The manner of service of the request for admissions may be a material fact in a procedural context, but it is not a material fact upon which the summary judgment movant would be entitled to a judgment. Therefore, the *TEX.R.CIV.P. 166a(c)* procedures are not applicable to the determination. Under *TEX.R.CIV.P. 169*, the requests for admissions are automatically deemed admitted after the expiration of thirty days after the date of service. Here, the trial court determined that thirty-day period had elapsed and the automatic provisions of the rule were appropriate. The court, however, went on to determine the carrier's motion for leave to amend the admissions and denied that motion. The order specifically stated that this matter was considered prior to the motion for summary judgment. The court had the discretion to strike the deemed admissions and to grant additional time for filing a response to the requests, *Curry v. Clayton*, 715 S.W.2d 77 (Tex.App.—Dallas 1986, no writ). The standard of review in that instance is abuse of discretion. The majority does not analyze the matter in this context; they analyze it in a summary judgment context. I find no abuse of discretion.

The majority goes further and uses an alleged erroneous computation of benefits to justify their reversal. This error, if it was, can and should be cured by reformation rather than reversal. Because the majority reverses and orders a trial, this dissent is respectfully filed.

## OPINION ON MOTION FOR REHEARING

BROOKSHIRE, Justice.

Appellees in their Motion for Rehearing contend that the original opinion of this Court was not decided by a majority of the Justices. Responding to that Motion, we state that the panel of Justices that decided the appeal was comprised of Chief Justice Dies, Justice Brookshire and Justice Burgess. The present Chief Justice, Ronald L. Walker, did not participate in deciding the appeal or in writing either the majority opinion or the dissent.

After careful consideration the Motion for Reconsideration of the case by the panel en banc is denied. The Court's prior opinion is not withdrawn and the entire Motion for Rehearing is hereby overruled, having been considered and decided by the original panel. Chief Justice Dies heard the oral submission of the case and concurred with Justice Brookshire's opinion. Hence, a majority of the Court did agree to and did deliver the Court's opinion.

BURGESS, J., dissents.

WALKER, C.J., not participating.