**Diane HAYDEN, Individually and as Representative of the Estate of Steven B. (Bruce) Hayden, et al., Petitioners,**

**v.**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Respondent.**

**No. C–9369.**

Supreme Court of Texas.

Feb. 28, 1990.

Rehearing Overruled April 25, 1990.

K. Michael Mayes, Mary Ann Turner, Conroe, for petitioners.

Michael Phillips, Lori Pritchett, Houston, for respondent.

PER CURIAM.

At issue is whether a court of appeals may properly render a decision on the authority of two justices, one of whom is no longer serving on that court. The court of appeals here rendered such a decision. 779 S.W.2d 877. We reverse and remand.

The instant appeal was argued in the Ninth Court of Appeals on June 15, 1989. At that time, the court consisted of Chief Justice Dies and Justices Brookshire and Burgess. Chief Justice Dies resigned from the court effective August 30, 1989. Chief Justice Walker was sworn in as Chief Justice on September 1, 1989. The court of appeals' opinion herein was delivered on September 28, 1989. The opinion was by Justice Brookshire, with Chief Justice Walker shown as "not participating." Justice Burgess dissented.

In response to Hayden's motion for rehearing contending that the court's opinion was not decided by a majority, the court of appeals wrote that the panel of justices that decided the appeal was comprised of Chief Justice Dies, Justice Brookshire and Justice Burgess. The court continued, "The present Chief Justice, Ronald L. Walker, did not participate in deciding the appeal or in writing either the majority opinion or the dissent." The court overruled Hayden's motion for rehearing, stating that since Chief Justice Dies participated, a majority of the court had delivered the opinion.

The Texas Constitution provides that courts of appeals may sit in sections and that "[t]he concurrence of a majority of the judges sitting in a section is necessary to decide a case." Tex. Const. art. V, § 6. Likewise, the Texas Government Code provides that each court of appeals may sit in panels of not fewer than three justices for the purpose of hearing cases. Tex.Gov't Code Ann. § 22.222(a) (Vernon 1988). The Code provides further that a majority of a panel constitutes a quorum, "and the concurrence of a majority of a panel is necessary for a decision." Id., § 22.222(c). The Ninth Court of Appeals consists of a chief justice and two justices. Id., § 22.216(i). Therefore, language in the Constitution and statutes referring to a panel applies to the Ninth Court as a whole and the concurrence of a majority of the judges sitting on that court is required to decide a case.

The court of appeals here decided this case on September 28, 1989. At that time, the court consisted of Chief Justice Walker and Justices Brookshire and Burgess. As Justice Burgess dissented, the concurrence of Justices Brookshire and Walker was necessary to decide the case. Chief Justice Dies no longer had the authority to participate in the decision.

The opinion of the court of appeals is in conflict with Article V, § 6 of the Texas Constitution and § 22.222(c) of the Texas Government Code. Accordingly, we grant Hayden's application for writ of error pursuant to Rule 133(b) of the Texas Rules of Appellate Procedure, and without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands the cause to that court for further consideration.