**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant,**

**v.**

**Diane HAYDEN, Individually, and as Representative of the Estate of Steven B. (Bruce) Hayden, and as Next Friend of Stephanie Hayden and Alicia Hayden, Minors, Appellees.**

**No. 09-88-249 CV.**

Court of Appeals of Texas, Beaumont.

March 7, 1991.

Michael Phillips, Lori A. Pritchett, Houston, for appellant.

K. Michael Mayes, Mary Ann Turner, Conroe, for appellees.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION ON REMAND

WALKER, Chief Justice.

This is an appeal from the granting of a motion for summary judgment. In late September, 1989, an opinion was filed in this appeal. One justice dissented. The opinion appears and is reported at 779 S.W.2d 877. We make reference to our opinion of September 28, 1989.

The Supreme Court reversed and remanded the cause for further consideration to our Ninth Court of Appeals. The only time the case was orally argued was on June 15, 1989. The Ninth Court of Appeals then consisted of Chief Justice Dies and Justices Brookshire and Burgess. Chief Justice Dies retired from the Court effective as of August 30, 1989. Chief Justice Ronald Walker was sworn in to his new office on September 1, 1989. This Court of Appeals' opinion was delivered on September 28, 1989. Chief Justice Dies, now retired, fully agreed in the opinion of the Court before his retirement, but was not active on the Court on September 28, 1989. The Supreme Court determined that since Justice Burgess dissented, a concurrence, if proper and agreed to, of Justices Brookshire and Walker was necessary to decide the case. *Hayden v. Liberty Mutual Fire Ins. Co.*, 786 S.W.2d 260 (Tex.1990). The Supreme Court wrote: "Chief Justice Dies no longer had the authority to participate in the decision." *Id.* at 261. At least two active justices on a panel must concur. Hence, the remand.

Through the office of our Clerk, we invited the parties and their respective attorneys of record to reargue the matter. However, each side declined to do so. We have followed the mandate of the Supreme Court and we have further considered this appeal. Our opinion in this appeal shall replace our prior decision in *Liberty, id.* at 779 S.W.2d 877, same being held for naught and not to be cited as any authority.

A vehicular accident is the basis of this suit. The vehicular collision occurred on February 10, 1986, on Highway 290 near the town of Elgin. The time was 6:20 or 6:40 a.m. The involved 1980 Chevrolet Silverado pick-up truck was owned by the deceased, Steven Hayden. That truck collided with a Kenworth tractor-trailer. Hayden's truck had two riders. The three men had been and were employees of Quantum Construction Company, doing business as H & H Construction Company. They were due to arrive at a job site in Austin, Texas at sometime that morning between 7:30 and 8:00 o'clock a.m.

The transcript shows that the appellees filed certain Interrogatories and Request for Admissions with the clerk on February 1, 1988. The Interrogatories were apparently on top of the Request for Admissions and there is a contention that when received, the package, containing both the named pleadings, were stapled together firmly. The appellees by way of cover

sheet to the Interrogatories, requested that the questions that were propounded be answered within thirty-five days. The Request for Admissions, however, stated that the same would require answers to be furnished within ten days. But this paper was buried from view. The Request for Admissions was filed pursuant to Tex.R.Civ.P. 169.

The attorney for the carrier takes the position that the thirty-five days granted to answer Interrogatories was forcefully misleading as to the Request for Admissions. Nevertheless, on March 7, 1988, the appellant provided answers to the Interrogatories and responses to the Request for Admissions to counsel for the appellees. March 7, 1988, fell on a Monday. On April 27, 1988, the appellees filed their motion for summary judgment and provided a notice of a hearing that was set for May 19, 1988. On May 11, 1988, the appellant filed its motion to set the time for filing the answers to the Request for Admissions and also a motion to take notice of Rule 21 as well as motion for leave to amend the answers to the Request for Admissions. The following day, on May 12, appellant filed Defendant's response to motion for summary judgment along with certain supporting affidavits. The hearing on the motion for summary judgment was set on May 19th. On that same day the appellees attempted to file an affidavit to support their motion for summary judgment without obtaining leave.

On May 20th after the hearing, appellees filed their motion for leave of court to file additional affidavits. This appellees' motion was granted by an order permitting the appellees to file additional material on May 20, 1988. The motion for summary judgment was granted and signed by the trial court on May 21, 1988. May 21st was a Saturday. Notice of the judgment favorable to the appellees was placed in the mail on May 23rd. On May 25th the appellant filed certain supplemental responses to the motion for summary judgment.

The trial court denied appellant's motion for leave to file amended answers to Request for Admissions and a motion to extend time for filing answers to Request for Admissions and a motion to withdraw deemed admissions. Rule 169 provides that the Request for Admissions is deemed admitted without the necessity of a court order, unless within thirty days after the service of the request, or within such time as the court may allow, the party to whom the request is directed serves upon the opposite party a written answer or objection addressed to the Request for Admission or the matters inquired about. Appellant contends that it did not receive the Request for Admissions until February 2, 1988.

Appellees naturally contend that the trial court did not abuse its discretion on overruling appellant's motion for leave to file amended answers to Request for Admissions; motion to extend time for filing answers to Request for Admissions; and motion to withdraw deemed admissions. Appellees rely on the cases *Texas Employers' Insurance Association v. Bragg*, 670 S.W.2d 712 (Tex.App.—Corpus Christi 1984, *writ ref'd n.r.e.*); *Trevino v. Central Freights Lines, Inc.*, 613 S.W.2d 356 (Tex. Civ.App.—Waco 1981, *no writ*); and *Volvo Petroleum, Inc. v. Getty Oil Company*, 717 S.W.2d 134 (Tex.App.—Houston [14th Dist.] 1986, *no writ*) in support of the trial court's actions. The cases, I believe, are distinguishable in that in the *Bragg* case, the appellant filed his answers 90 days late, and then filed no motions for extension of time until after the trial court had already stricken appellant's answers and found the admissions deemed. In *Trevino*, no answers were ever filed by appellant. Then on the day of trial, appellant showed up with a motion for an extension of time. (The Request for Admissions had been served on appellant in July, 1979, and the case came to trial on June 23, 1980. Trevino was, therefore, almost a year late in making any response whatsoever.) The trial court in *Trevino* did hold a "pre-trial" hearing on appellant's motion for extension of time, and then denied it and "deemed admitted" all of appellee's Request for Admissions. In *Volvo*, again, the appellant never filed any answers to Request for Admissions. *Volvo* is unclear as to when

or whether appellant filed motions to withdraw or amend their already deemed admissions; appellant failed to provide that Court of Appeals a sufficient record.

■ These three cited cases are different from the instant case in that our appellant could have been no more than 5 days late in getting its answers to our appellees. Furthermore, appellant filed its relief motions referenced herein, well before trial date. The statement of facts that is provided to us is entirely unclear as to whether the trial court held a "pre-trial" evidentiary hearing on appellant's motions, or some sort of hybrid hearing incorporating the "pre-trial" motions *and* the appellees' motion for summary judgment. The only thing clear from the record of the proceeding before the court held on May 19, 1988, which the court reporter titled "Motion for Summary Judgment", is how *unclear* the nature of that proceeding was. There was such a mixture of hearings under TEX.R. CIV.P. 166a and under TEX.R.CIV.P. 169 that we find it virtually impossible to distinguish. That being the case, we feel that in the interest of justice, a full evidentiary hearing is in order with *live* witnesses and the opportunity for vigorous and full cross-examination by both parties so as to permit the trial court the opportunity to judge the credibility of each. In coming to this decision, we are guided by language in a case relied upon by the appellees, *Hill v. Caparino,* 370 S.W.2d 760 (Tex.Civ.App.—Houston 1963, *no writ*). One of the issues in *Hill* was appellant's timeliness in response to appellee's Request for Admissions, a Rule 21a problem as we have in the instant case. The Court of Appeals in *Hill* said:

■ Rule 21a provides that any notice required by the Rules may be served by delivering a copy of the document to the attorney of record of the party to be served, in person or by registered or certified mail. A certificate that notice has been so given constitutes prima facie proof of service. *The trial court was authorized to determine from evidence other than the prima facie proof mentioned in Rule 21a that the appellant had received the Request for Admissions and the date on which such request was received. Farmer v. Cassity,* Tex.Civ.App., 252 S.W.2d 788; *Parr v. Leal ex rel. Duval County,* Tex.Civ. App., 290 S.W.2d 536; *Bell v. Jasper Lumber Company,* Tex.Civ.App., 287 S.W.2d 746, writ dism.; *Billingslea v. Greaves,* Tex.Civ.App., 196 S.W.2d 945; *Cunningham v. Associates Investment Co.,* Tex.Civ.App., 295 S.W.2d 687, err. dism. (emphasis ours).

■ It is clear from the language of the Houston Court of Appeals in *Hill* that they believe that the trial court is required, upon request, to have a full blown evidentiary hearing with live witnesses when called upon to determine the *date* that Request for Admissions were received by a party. It is apparent that the trial court and counsel for both parties placed themselves under the evidentiary restraints of a Rule 166a proceeding. We find no such restraint for a proceeding under Rule 169 and Rule 21a. We gratuitously suggest that where a trial court is faced with an overlapping and intermingling of Rule 169 and 166a proceeding, that the trial court should take caution in separating the two, since Rule 169 allows oral testimony and Rule 166a does not.

We, therefore, fully adopt the language in *Hill* and send this case back to the trial court for a full and fair evidentiary hearing with live witnesses and the opportunity for vigorous cross-examination. Needless to say, this would require a reversal and remand of all matters to the trial court for further proceedings, first upon the Rule 169 and Rule 21a questions.

REVERSED and REMANDED.

BROOKSHIRE, Justice, dissenting and concurring.

This dissenting and concurring opinion is respectfully filed. In my opinion, the opinion of the Court should be as hereinafter set out.

Appeal from the granting of a motion for summary judgment. In late September, 1989, an opinion was filed in this appeal. One justice dissented. The opinion appears and is reported at 779 S.W.2d 877. We

make reference to our opinion of September 28, 1989.

The Supreme Court reversed and remanded the cause for further consideration to our Ninth Court of Appeals. The only time the case was orally argued was on June 15, 1989. The Ninth Court of Appeals then consisted of Chief Justice Dies and Justices Brookshire and Burgess. Chief Justice Dies retired from the Court effective as of August 30, 1989. Chief Justice Ronald Walker was sworn in to his new office on September 1, 1989. It is correct that the Court of Appeals' opinion was delivered on September 28, 1989. We refer to our opinion on the motion for rehearing. *Id.* at 883. Chief Justice Dies, now retired, fully concurred in the opinion of the Court before his retirement, but was not active on the Court on September 28, 1989. The Supreme Court determined that since Justice Burgess dissented, a concurrence, if proper and agreed to, of Justices Brookshire and Walker was necessary to decide the case. *Hayden v. Liberty Mutual Fire Ins. Co.,* 786 S.W.2d 260 (Tex.1990). The Supreme Court wrote: "Chief Justice Dies no longer had the authority to participate in the decision." *Id.* at 261. At least two active justices on a panel must concur. Hence, the remand.

Through the office of our Clerk, we invited the parties and their respective attorneys of record to reargue the matter. However, each side declined to do so. We have followed the mandate of the Supreme Court and we have further considered this appeal.

We adhere to and reaffirm the opinion expressed as the majority or Court's opinion of September 28, 1989, reported and cited as above set out.

We think it cannot be gainsaid that the original plaintiffs definitely asked for relief under the summary judgment practice. Hence, the plaintiffs, in fairness, ought to be willing to follow the rules of the summary judgment practice. Thus, under the unusual record in this case TEX.R.CIV.P. 166a should govern and be considered the paramount rule. The original dissent conceded that the date of service and the manner of service were fact issues. *Hayden, supra,* 779 S.W.2d at 883 (Burgess, J., dissenting). The original dissent also writes that this Court has acknowledged that trial courts are in a superior position to find facts. But again, in a summary judgment proceeding trial courts simply do not find facts.

Under this record we cannot agree that the "factual issues concerning the request for admissions and their answers" are, in effect, separate and distinct from the summary judgment practice. *Id.* at 883. In the context of the entire record before us, we reaffirm that the procedures set out under TEX.R.CIV.P. 166a are applicable and further, TEX.R.CIV.P. 169 does not exclusively control and govern the outcome of this appeal being from the granting of a motion for summary judgment. We therefore, again, reverse the judgment of the trial court below and remand the cause for trial on the merits of the case. The original dissent recites this: "[t]his error, if it was, can and should be cured by reformation rather than reversal." 779 S.W.2d at 883. The methodology however, of an appellate reformation or the means thereof, if any, are not in any wise set forth in the original dissent.

It must be stressed that the request for admissions filed by Diane Hayden and others *demanded that within ten (10) days after the service of this request that the defendant admit or deny under oath certain, limited following facts.* The demand on the very first page of the request for admissions was in error. The demand did not comply with Rule 169. But the original dissent insists that "[t]his summary judgment case turns on whether the requests for admissions were timely answered. If they were, the summary judgment was improper; if they were not, the requests were deemed admitted and the summary judgment was proper." *Id.* at 882.

Even though the Haydens insisted that the answers be made within ten (10) days, even the original dissent concedes that under TEX.R.CIV.P. 169 that it is only after the expiration of thirty (30) days from the date of service that the requests are deemed admitted. *Id.* at 883. That is simply not

the Haydens' position in their own pleadings for requests for admissions. The Haydens' position involves extrinsic acts or actions.

*The judgment signed May 21, 1988, inter alia, provided that the minor Stephanie Hayden receive a certain amount plus certain future weekly benefits of $40.68 until July 18, 1989, and of $81.37 until January 21, 2005. And similarly to the minor plaintiff Alicia Hayden there was awarded a certain sum in cash plus future weekly benefits of $40.68 until July 18, 1989, and thereafter future weekly benefits of $81.37 until January 21, 2005, and thereafter future benefits of $162.75 until October 17, 2010.*

Upon a review of all of the requests for admissions of fact upon which the plaintiff's motion for summary judgment was based, there is no request for admission of facts that dealt with a long duration of time extending in the case of Stephanie until the year 2005 and in the case of Alicia until the year 2005 and thereafter until October 17, 2010, A.D. Query: How can the Liberty Mutual Fire Insurance Company know what all the facts will be in connection with the living patterns and life plans of Stephanie and Alicia for more than a decade in the future, and in the case of Alicia, more than two decades in the future? This is beyond our ken. We think these future decades and the events therein are beyond the ken of Stephanie and Alicia. But there were no requests for admissions of fact concerning these distant, future years. Nevertheless, under the original dissent the summary judgment as entered was proper. *See and analyze* Tex.Rev.Civ. Stat.Ann. art. 8306 § 8 (Vernon Supp. 1989).

Under this unusual record, and we would venture to say unique judgment, wherein the requests for admissions was stapled under the interrogatories and under the request for the production of documents— these staplings were extrinsic actions (as to Liberty Mutual). These acts having been done and performed by the Haydens, are in our opinion extrinsic acts and matters that would definitely put Liberty Mutual at a disadvantage in correctly following the appropriate rules. This is especially true in view of the fact that the requests for admissions absolutely demanded a response to be made within ten (10) days when the correct rule specifically allowed thirty (30) days.

Thus, under all these facts and the entire record we conclude that Tex.R.Civ.P. 1 entitled OBJECTIVE OF RULES is certainly applicable here. It is a general, paramount rule and provides that the proper objective of the Rules of Civil Procedure is to obtain a just, fair, equitable, and impartial adjudication of *the rights of litigants under established principles of substantive law.* Query: What is wrong with affording a just, fair, equitable, and impartial adjudication of the rights of all the litigants herein under the established principles of substantive law by means of a trial on the merits with a jury trial, if either party properly requests a jury?

The judgment should be reversed and the cause remanded in full for a trial on the merits. I concur with the reversal of the judgment below. For the reasons set forth above, I respectfully dissent inasmuch as the Court declines to order a full trial on the merits of the whole case.