**Francisco Gonzalez RUIZ, Appellant,**

v.

**NICOLAS TREVINO FORWARDING AGENCY, INC., Appellee.**

No. 04–93–00734–CV.

Court of Appeals of Texas,
San Antonio.

Decided Sept. 7, 1994.

Rehearing Denied Nov. 17, 1994.

Sharon Trigo, Laredo, for appellant.

Horace C. Hall, III, Hall, Quintanilla & Alarcon, Laredo, for appellee.

CHAPA, C.J., and LOPEZ and HARDBERGER, JJ.

## OPINION

HARDBERGER, Justice.

This is an appeal from a summary judgment based upon deemed admissions. Appellant, Francisco Gonzalez Ruiz, complains that the trial court abused its discretion in deeming certain requests for admissions admitted due to his failure to serve answers to the requests on the propounding party. Ruiz also objects to the trial court's granting summary judgment based on the deemed admissions. We affirm the summary judgment.

### Background

This lawsuit originated out of an action brought by Justa Truck Trucking, Inc. against Nicolas Trevino Forwarding Agency, Inc. and its employee and/or agent Francisco Gonzalez Ruiz. The lawsuit was for negligence resulting in property damage to Justa Truck's trailer. Ruiz was the driver of the truck when the property damage was sustained. Nicolas Trevino Forwarding settled with Justa Truck for $12,000.00 and obtained an assignment of its claims against Ruiz. Nicholas Trevino Forwarding Agency, Inc. then sued Ruiz.

Prior to settling, Justa Truck served Requests for Admissions on Ruiz who claims that he filed and served his responses well within the allotted thirty days. Following the settlement, Nicolas Trevino Forwarding filed its motion for summary judgment. The motion was supported by the affidavit of the attorney for Justa Truck claiming that he had not been timely served with Ruiz's responses. In opposition to the summary judgment, Ruiz's attorney filed an affidavit stating that the service had been proper and timely.

Nicolas Trevino Forwarding then filed his motion to deem admitted the requests for admission propounded by Justa Truck on Ruiz. Ruiz filed no response to this motion and filed no motion to set aside or answer the requests late.

On October 15, 1992, Nicholas Trevino Forwarding's Motion to Deem Requests for

Admissions Admitted was heard. Both attorneys were present for the hearing. At the conclusion of the hearing the trial court allowed Ruiz's attorney five days in which to produce the returned receipt showing service of Ruiz's responses to Justa Truck. No "green card" was ever produced.

On February 1, 1993, the trial court entered its order granting Nicolas Trevino Forwarding's Motion to Deem Requests for Admissions be admitted. On June 3, 1993, a hearing was held on Nicolas Trevino Forwarding's Motion for Summary Judgment which was based on the deemed admissions. On September 30, 1993, the court granted the Motion for Summary Judgment and awarded Nicholas Trevino Forwarding $20,-100.00.

### Deemed Admissions

In his first point of error, Ruiz complains that the trial court erred in deeming the requests admitted because his response was timely filed and served on the opposing party. In support of this argument Ruiz correctly notes that the docket sheet reflects that he had filed his answers to the requests for admissions within the thirty days. Ruiz also points to the certificate of service which recites that the answers were served by first class mail return receipt requested as proof that Justa Truck's attorney was served with the responses.

Rule 21a states that: "[s]ervice by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service." The rule also states the following:

> A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service. *Nothing herein shall preclude any party from offering proof that the notice or document was not actually received....*

TEX.R.CIV.P. 21a (emphasis added).

■ Therefore, under Rule 21a an attorney's certificate of service is only prima facie

evidence of service. It creates a presumption which may be rebutted. The Texas Supreme Court has made this clear:

> Thus, Rule 21a sets up a presumption that when notice of trial setting properly addressed and postage prepaid is mailed, that the notice was duly received by the addressee. *See Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 159 S.W.2d 854 (Comm'n App.1942, opinion adopted). This presumption may be rebutted by an offer of proof of nonreceipt. In the absence of evidence to the contrary, the presumption has the force of a rule of law. *Id.*, 159 S.W.2d at 857. The presumption, however, is not "evidence" and it vanishes when opposing evidence is introduced that the letter was not received. *Id.*

*Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987).

■ If the party to whom a request for admissions is directed does not properly respond within thirty days after service of the request, the subject of the requests "are deemed admitted and the trial court has no discretion to deem or refuse to deem the admissions admitted." *Fibreboard v. Pool*, 813 S.W.2d 658, 682 (Tex.App.—Texarkana 1991, writ denied); *see also* Hall, *Revisiting Standards of Review of Review in Civil Appeals*, 24 ST.MARY'S L.J. 1045, 1072 (1993).

■ In the present case, the filing of the certificate of service by Ruiz created a presumption of service. That presumption could be rebutted by proof of non-service. Nicholas Trevino Forwarding presented evidence of non-service in the form of an affidavit by the attorney for Justa Truck. The affidavit is sufficient to rebut the presumption of service created by the certificate attached to Ruiz's Responses to the Requests for Admissions which were filed with the court. Furthermore, the trial court gave Ruiz five days to produce the returned receipt ("the green card") which Ruiz failed to do. The trial court did not abuse its discretion in deeming the request for admissions admitted. *See Fibreboard*, 813 S.W.2d at 682. We overrule Ruiz's first point of error.

### Withdrawing Admissions

In his second point of error, Ruiz complains that the trial court committed reversible error in refusing to allow withdrawal, if necessary, of the admissions deemed admitted. Ruiz argues that at the hearing on the Motion to Deem Admissions admitted, he requested the court, if necessary, to permit withdrawal of deemed admissions.

██ Rule 169 provides in pertinent part: Each matter of which an admission is requested shall be separately set forth. The matter is admitted, without necessity of a court order unless, within thirty (30) days after service of the request, or within such time as the court may allow, or as otherwise agreed by the parties, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection ...

TEX.R.CIV.P. 169(1). When admissions are deemed, the matters are conclusively established against the admitting party unless the court, on motion, permits withdrawal or amendment of the admissions. The rule states:

[T]he court may permit withdrawal or amendment of responses and deemed admissions upon a showing of good cause for such withdrawal or amendment if the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and the presentation of the merits of the action will. be subserved thereby.

TEX.R.CIV.P. 169(2).

██ Trial courts possess broad discretion to permit or deny withdrawal of deemed admissions. In order to establish good cause a party must show legal or equitable excuses for his failure to answer. *Eckman v. Centennial Sav. Bank,* 757 S.W.2d 392, 396 (Tex. App.—Dallas 1988, writ denied); *Rosenthal v. National Terrazzo Tile & Marble, Inc.,* 742 S.W.2d 55, 57 (Tex.App.—Houston [14th Dist.] 1987, no writ). The trial court has broad discretion in permitting withdrawal or amendment of the admissions, and its ruling will be set aside only on a showing of clear abuse of discretion. *Lewis v. Mundy Const. Co., Inc.,* 781 S.W.2d 333, 335 (Tex.App.—

Houston [14th Dist.] 1989, writ dism'd w.o.j.); *Crime Control, Inc. v. RMH–Oxford Joint Venture,* 712 S.W.2d 550, 552 (Tex.App.—Houston [14th Dist.] 1986, no writ). An abuse of discretion occurs when a court acts without reference to rules or principles or acts arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985).

██ The record shows that the trial court held a hearing on Appellee's motion to deem requests for admissions admitted on October 15, 1992, at which time the appellant's attorney appeared. Thereafter the trial court entered an order reciting "... and the court having considered the same (the motion) together with the evidence introduced in connection therewith...." and ordered that the request for admission be deemed admitted. No transcript of the hearing held on October 15, 1992, has been brought forward by Ruiz, therefore, he is not entitled to argue that the evidence presented at such hearing showed that the trial court committed a clear abuse of discretion. TEX. R.APP.P. 50(d); *Cherry v. North American Lloyds of Texas,* 770 S.W.2d 4, 5 (Tex.App.—Houston [1st Dist.] 1989, writ denied). If in fact appellant did move at such a hearing to withdraw the admissions, it was incumbent upon him to present evidence that (1) he had good cause for not serving plaintiff's attorney with answers to the requests for admissions, (2) the withdrawal of the deemed admissions would not unduly prejudice the other side, and (3) the presentation of the merits would be subserved by such withdrawal. TEX. R.CIV.P. 169(2); *Boone v. Tex. Emp. Ins. Ass.,* 790 S.W.2d 683, 688 (Tex.App.—Tyler 1990, no writ); *Tinney v. Team Bank,* 819 S.W.2d 560 (Tex.App.—Ft. Worth 1991, writ denied). Without having any evidence of the foregoing before us, we cannot say that the trial court abused its discretion in refusing to withdraw the deemed admissions. We overrule appellant's second point of error.

### Motion for Summary Judgment

In his third point of error, Ruiz argues that the trial court committed error in granting the summary judgment for the reason that the motion for summary judgment was

withdrawn and never refiled or reinstated but that nevertheless, the trial court granted the motion. Appellant also argues that there was a disputed fact issue on service precluding summary judgment.

We have reviewed the transcript provided to this court and have found that the appellee's motion for summary judgment was not withdrawn. Apparently, Ruiz is referring to a letter which merely asked the court to reset the motion for summary judgment. Therefore, Ruiz's claim that the motion for summary judgment had been withdrawn prior to the granting of the summary judgment is not supported by the record.

In the second part of his third point, Ruiz claims that the summary judgment should not have been granted because a genuine issue of material fact existed on the issue of service of the responses to the request for admissions which precluded granting of the summary judgment. We find that this argument is without merit.

The issue of service of the answers was found against Ruiz at the hearing on the motion to deem the admissions admitted. As previously discussed, Ruiz claimed that he had served the answers to the requests for admissions within the thirty day deadline. However, Nicholas Trevino Forwarding offered an affidavit which directly contradicted this statement. At the conclusion of the hearing the trial court gave Ruiz five days to produce the returned receipt. Ruiz never produced the receipt and the trial court deemed the requests for admissions admitted. Subsequently, the trial court conducted a hearing on the motion for summary judgment and then granted the summary judgment based upon the deemed admissions.

Ruiz makes no arguments that the deemed admissions were insufficient to support the summary judgment. However, he does argue that he was entitled to a full blown evidentiary hearing to determine whether or not he served the answers on plaintiff's attorney. *See Liberty Mutual Fire Ins. Co. v. Hayden,* 805 S.W.2d 932, 935 (Tex.App.—Beaumont 1991, no writ). However, the record fails to show that such a hearing did not in fact take place. It was Ruiz's burden to bring forth a sufficient rec-

ord upon which this court can find error. *See Cherry,* 770 S.W.2d at 5; *see also Carlisle v. Philip Morris, Inc.,* 805 S.W.2d 498, 501 (Tex.App.—Austin 1991, writ denied). Ruiz failed to bring forth such a record. We overrule appellant's third point of error and affirm the judgment of the trial court.